TUCKER *v.* RAILWAY COMPANY.

Opinion delivered April 28, 1894.

59   81
c65  188
59   81
d71  337
59   81
74   536

*Railroads—Mechanic's lien—Sub-contractor.*
> The act of March 19, 1887, which gives to " every mechanic, builder, artisan, workman, or other person, who shall do or perform any work or labor upon, or furnish any materials, machinery, fixtures or other things towards the equipment, or to facilitate

the operation of any railroad," a paramount lien therefor on the road-bed and other property of the railroad, and provides that "said lien shall be mentioned in the judgment rendered for the claimant in an ordinary suit for the claim," does not give to a sub-contractor, having no privity with or claim against a railroad, a lien upon its property for the amount due to him by his principal contractor for work done on its road-bed.

Appeal from Sebastion Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

Action by Tucker against the St. Louis, Iron Mountain & Southern Railway Company. The facts are stated in the opinion.

*John S. Little* for appellant.

Under the act of 1887 (Acts 1887, p. 96), a sub-contractor has a lien against a railroad company for labor performed. All persons who are employed under the principal contractor are sub-contractors. 2 Jones on Liens, sec. 1283. No contract with the railroad company is necessary. *Ib.* sec. 1339. Under our statutes, until the passage of this act, all liens were required to be supported by contract (Mansf. Dig. secs. 4402, 4425), but no such requirement exists under this act. Maryland, Revised Code, 1878, pp. 695, 698; 44 Md. 453; 51 *id.* 162; 2 Jones on Liens, secs. 1304, 1306; 32 Minn. 358; 30 Ark. 29.

*Dodge & Johnson* for appellee.

1. Appellant has no lien under the act of 1887, and the demurrer was properly sustained (1) because the action is based upon no contract between him and the company; (2) because there was no privity of contract between the parties; (3) because Wilson, the contractor, is not a party to the suit; (4) because the act of 1887 gives a sub-contractor no lien; (5) because a lien is asked upon the entire road, and (6) because a personal judgment is

prayed.   The first, second, third and fifth propositions are settled by 27 Ark. 566, 570.

2.   There was no privity between plaintiff and defendant.   2 Rapalje & L. Law Dict. 1011 ; 27 L. J. Ex. 3 ; 44 Fed. Rep. 14 ; 1 Addison on Cont. sec. 35 ; 3 H. & C. 657 ; 40 Me. 548 ; 25 Iowa, 371 ; 9 B. Mon. 470 ; 51 Ind. 527 ; 17 A. & E. Ry. Cases, 31 ; ib. 33, 37 ; 1 Lev. 235 ; 5 Moore, 23 ; 2 B. & B. 333.

3.   Mansf. Dig. secs. 4403, 4404–5–8, etc., expressly provide for the lien of a sub-contractor, but none of these statutes were complied with.   Nor did he comply with the act of 1885, p. 74.   Sub-contractors are not given a lien under the act of 1887.   The act was to protect employees and persons furnishing materials *by contract*. 2 Jones on Liens, sec. 1630 ; 29 N. J. Eq. 252 ; 18 Am. Ry. Rep. 207 ; 46 N. Y. 521 ; 24 *id*. 482 ; 104 U. S. 176 ; 63 N. H. 2 ; 20 Fla. 167 ; Phillips on Mech. Liens, secs. 45 to 51 ; 6 Wis. 72 ; 12 Ill. 302 ; 30 Vt. 768 ; 27 Pa. 515 ; 97 Ind. 344 ; 39 Mich. 598 ; 14 Kas. 569 ; 50 N. H. 82 ; 59 *id*. 559 ; 56 Ark. 454.

BUNN, C. J.   This action was brought in the Sebastian circuit court, for the Greenwood district, on the 6th October, 1891, by the appellant against the appellee company, for work and labor done on its railroad, amounting to a balance unpaid of $167.90.

The appellee interposed a general demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action against it, which demurrer being by the court sustained, plaintiff rested, judgment was rendered, and he appealed to this court.   It was alleged in the complaint that the plaintiff was a laborer and contractor under one Wilson, who had taken a contract from the appellee company to clear off and grub the right of way, and grade its branch road about one mile in length ; and as such performed work amounting to the sum of $317.90, of which Wilson paid

him $150, leaving the balance sued for as aforesaid. It appears that Wilson had left the country some time before the institution of this suit. Prayer for judgment for the amount of the balance, and that plaintiff have a lien upon the property of the railroad company under the provisions of an act of the general assembly entitled "An act to protect employees and other persons against railroad companies," approved March 19th, 1887. The demurrer raises the questions, whether or not the appellant is entitled to judgment against the appellee, and also whether he is entitled to the lien prayed for.

There is no such connection between the statute referred to above, and prior statutes providing for liens for work and labor done and materials furnished, as that the definitions and terms peculiar to the prior statutes have any special influence in interpreting the later one. It is a matter of common knowledge, and of the current history of the times, that the act of 1887 was passed to prevent the worthy, and in many respects defenceless, classes of persons named therein from being deprived of the fruits of their labor, the proceeds of their property used in constructing railroads, and of damages suffered by reason of negligence of those operating the roads, by having their claims made secondary to those of mortgage and other secured creditors, as had theretofore been the case. The benefits conferred by the statute are of course discriminating in their character, and in so far the provisions of the law are in derogation of common right, and must therefore be strictly construed, in respect at least to the ascertainment of the parties entitled, although to be most liberally construed as to its remedial part.

In the first place, a sub-contractor is not specifically named in the statute as one of the beneficiaries. This difficulty seems to have been provided against by the frame of the complaint, in which plaintiff is denominated

a laborer as well as contractor. Names do not always truly characterize one's work or calling. The complaint, in its recitals, shows that plaintiff was a contractor under Wilson, and therefore a sub-contractor relatively to the appellee company. As such, as we have said, he is not expressly provided for in the statute.

In the next place, the complaint does not show any privity of contract between the railroad company and the appellant. In the absence of statutory provisions to the contrary, and under the common law, the relation is a necessity to give a right of action to one party against another in cases like this. Another difficulty of like character is that it is not shown that the appellee is indebted to Wilson in any sum, nor is Wilson a party to this suit, nor has any of the known steps been taken to subrogate appellant to any of the rights of Wilson against appellee, if he has any. In fine, this suit is based on the naked proposition that, because the alleged work inured to the benefit of appellee company, it (the company) is therefore bound for the price of it to appellant, and can be sued accordingly. This is stating it as strongly as we can for appellant.

We have been unable to find any authority to support such a proposition. On the contrary, the courts, without exception, so far as we know, hold: First. That the statute itself, in such cases, gives the limit beyond which the right to a lien does not exist. *Kirby* v. *McGarry*, 16 Wis. 72; *Harlan* v. *Rand*, 27 Pa. St. 515; *Dukes* v. *Love*, 97 Ind. 344; *Railway Co.* v. *Baker*, 14 Kas. 563. It is said in *Peck* v. *Miller*, 39 Mich. 598, that it requires some expansion of the language to reach to the middleman, if the labor is not performed for the company, but for some one else (the principal contractor); and this is not allowable except upon plain evidence of such an intent. Secondly. There must be a privity of contract between the parties (plaintiff and defendant);

otherwise there can be no right of action in the one against the other. *Jacobs* v. *Knapp*, 50 N. H. 82; *Howard* v. *Moore*, 20 Florida, 167. Finally. The concluding part of the act itself presupposes a right of action in the plaintiff against the defendant as in ordinary actions, and warrants the conclusion that the lien is not intended to confer a right of action, where none existed before, merely because of its own inherent character.

The judgment of the court below is therefore affirmed.