KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY *v.* MOON.

Opinion delivered April 22, 1899.

1. CONSTITUTIONAL LAW—RAILWAY EMPLOYERS' ACT.—The constitutionality of the act of March 25, 1889, prohibiting the withholding of the wages of railway employees, is affirmed. *Leep* v. *Railway Co.*, 58 Ark., 407, followed.   (Page 413.)

2. PENALTY FOR FAILURE TO PAY WAGES—DEMAND.—On discharge of a railway employee, the company's liability for the penalty for failure to pay the wages due him is not affected by his failure to make demand for the amount due him.   (Page 413.)

3. INFANCY—CONTRACTS.—A minor may disaffirm contracts made by him. (Page 413.)

4. MINOR—RIGHT TO SUE FOR WAGES.—With his father's permission, a minor may sue his employer to recover wages due him and the statutory penalty for withholding same.   (Page 413.)

5. PENALTY—MERGER.—The penalty for withholding an employee's wages under the act of March 25, 1889, namely, the liability to pay the wages at the contract rate until the wages earned at the time of discharge are paid, continues to run until the right of action is merged in the judgment.   (Page 414)

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

STATEMENT BY THE COURT.

June 30, 1897, Virgil H. Moon, by his next friend, W. L. Moon, brought his action before A. P. Alexander, a justice of the peace of Center township, Polk county, Arkansas, to recover $3.30 unpaid wages and exemplary damages at the rate of one dollar and ten cents ($1.10) per day. Summons was made returnable July 17, 1897. On that day the cause was, on motion of defendant's attorney and by consent of parties, continued until July 21st. On that day, on motion of defendant's attorney, and by consent of the parties, the case was continued until July 30, 1897. On July 30th the cause was again continued, because no bond for costs had been given, until the 7th day of August, 1897, and on August 7th judgment was rendered in favor of plaintiff for $3.30 wages and $88 as exem-

plary damages. The defendant prayed, and was allowed, an appeal to the circuit court. On September 11, 1897, the cause was tried at the August term of the circuit court by a jury, the jury returning a verdict as follows: "We, the jury, find for the plaintiff $3.30 as judgment, and penalty $119.60." Judgment was rendered upon this verdict.

Motion for new trial was duly filed within the time fixed by the statute, and was thereafter overruled, and sixty days given in which to prepare and file a bill of exceptions, which was filed on the 11th day of November, 1897, within the time fixed by the court.

Virgil H. Moon, testifying on behalf of the plaintiff, said: "I live about a quarter of a mile of Hatfield. On last May, on the 1st, 3d and 4th days, I was performing labor for the Kansas City, Pittsburg and Gulf Railroad. It consisted of labor on the track that lies between Rust and Janssen. I was under the direction of the foreman by the name of Pat McGuire, and I was in the employ of the Kansas City, Pittsburg and Gulf Railroad. I was receiving $1.10 per day. I was discharged on the 6th day of May. On the day I was discharged, I received the following paper or letter, introduced in evidence:

"LETTER OF IDENTIFICATION. Kansas City, Pittsburg & Gulf Railroad Co. Instructions to foremen: If claimant can write, his name must be signed on the line provided for that purpose. If he cannot write, you must indorse on that line, 'He cannot write,' and sign your initials under.

"To agents. See that the above instructions are complied with, and, if necessary, require claimant to sign his name, as a means of identification. May, 1897. W. N. Terry, Roadmaster, Mena, Ark.

"Time check has been issued to Virgil Moon for three day's work at $1.10, $3.30, less board $——; hospital dues—cents. $——; amount due $——; on section No. 15 for month of May,—who will apply at Mena, Ark., for his money. Signature of claimant appears below. Yours truly. Pat McGuire, foreman.

"Foreman will write in station where money is to be paid. Claimant's signature, Virgil H. Moon. Filed August 7, 1897, A. P. Alexander, J. P."

"I took this paper to Roadmaster W. N. Terry, at Mena. It is addressed to him. I did not go to Mena the first time. He came down on the train, and stopped at Hatfield. I presented it to him. He said he would look it up. I waited some two weeks, and then went to Mena to see him. I spoke to him about it, and he said he would look it up. He did not pay me; just said that he would look it up. They have not offered to pay me. The wages that I sue for are for labor performed last May of this year. I am eighteen years old past. I presented the paper to him on the train at the town of Hatfield about two weeks after I was discharged. I had read this order or statement. I did not present it to Terry until two weeks after I got it; and about two weeks after that I went to Mena, and presented it to him on the platform of the depot. I was not at his office. I did not go to the agent's office. I did not apply to anybody but Terry, the roadmaster. I have had this order in my possession ever since, except when it was filed as evidence twice, first at the office of W. N. Martin, then at the office of Alexander, at Mena. I worked continuously for three days. I worked the 1st, 3d and 4th days, and the 5th day I was sick, and could not work, and he told me he would do without me that day, and when I came back the next morning I was told he had another man, and he gave me that check. I received the check on the 6th. I commenced work in March. I began work about the 17th day of March, and worked until the 6th day of May, worked continuously until the time of my discharge, except one day that I was sick. I had received my pay prior to that time for the work I had done in March and April. I got it once on the train at Hatfield in the form of a check, once at Mena by the way of check. That was the regular way of paying employees. There was a stated time for paying them off. They were supposed to be paid between the 15th and 20th of each month. At these times I was paid by check. At Hatfield I was paid by W. N. Terry, and at Mena by Mr. Disbrow. When I got these checks, I would go and get the money. When I received my pay, I simply got a check. Did not get a paper like this. I supposed that Terry would possibly pay me. He said he would look it up, and I was waiting for him to make some reply. I went

and consulted section foreman, Pat McGuire, and asked him what about it, when I would get my pay, and he said for me to go to Mena. I never made a demand at Mena for the check until two weeks after the time I made my demand at Hatfield, and four weeks had then elapsed.

Dr. W. L. Moon testified for plaintiff: I am the father of Virgil L. Moon. I sue for the use and benefit of my son. I first brought suit for him fourteen days after he was discharged, before W. N. Martin, justice of the peace of Cove township.

The following proceedings were then had:

Attorney for the defendant: "If your honor please, we make offer of the transcript from said justice, showing judgment between the same parties for the same wages." The court: "You will have to file a special pleading for that." Attorney for defendant: "Then we ask permission to make the plea. This under the ruling that we make a special plea." The court: "We cannot let you do so at this time." To which ruling of the court defendant excepted.

*Trimble & Braley, Shaver & Norwood* and *John A. Eaton*, for appellant.

The penalty ceased to run at the date of the judgment of the justice. 64 Ark. 83–93; 29 Ark. 80; 32 Ark. 573; 45 Ark. 373; 122 Ind. 433; 24 N. E. 83. The statute (Sand. & H. Dig. §§ 6243, 6244, 6245) is in derogation of common law, and must be strictly construed. 6 Ark. 279; Suth. Stat. Const. §§ 290, 400; Endl. Int. Stat. §§ 127–128. The father, as the natural guardian, had a right to demand and receive the minor son's wages. Sand. & H. Dig. § 3568; 32 Ark. 92. Further, upon the question of merger of the claim in the justice's judgment, see Black, Judg. § 674; 29 Ark. 80; 15 Am. & Eng. Enc. Law, 339.

*J. I. Alley* and *W. S. & F. L. McCain*, for appellee.

The judgment before the justice of the peace was void for want of service; hence no merger took place. Black, Judg. § 680; Freeman Judg. § 117. A father may, either expressly or impliedly, waive his right to receive his minor son's wages. Schouler, Dom. Rel. 252a; 14 Am. & Eng. Enc. Law, 757 note 3. The father's knowledge of the receipt by the son of wages

due the latter warrants the presumption of waiver of the father's right.    37 N. W. 949; 58 Vt. 248; 3 Pick. 201.

HUGHES, J., (after stating the facts.)    This action was brought, under section 6243 of Sandels & Hill's Digest, to recover $3.30 wages due the appellee and the penalty for not having paid the same when the employee was discharged.    That section reads:    "Whenever any railroad company, or corporation engaged in the business of operating or constructing any railroad or railroad bridge, shall discharge, with or without cause, or refuse to further employ, any servant or employee thereof, the unpaid wages of any such servant or employee then earned, at the contract rate, without abatement or deduction, shall be and become due and payable on the day of such discharge or refusal to longer employ; and if the same be not paid on such day, then, as a penalty for such non-payment, the wages of such servant or employee shall continue at the same rate until paid: Provided, such wages shall not continue more than sixty days, unless an action therefor shall be commenced within that time."    This act was decided to be constitutional in *Leep* v. *Railway Co.*, 58 Ark. 407, which has been affirmed on appeal to the supreme court of the United States.

It is contended that the right of action for the penalty accruing was merged in the so-called judgment before M. N. Martin, a justice of the peace.    But this cannot be, for there was no jurisdiction for the want of service to render that judgment.    It was void, and bound neither party.    It was in fact no judgment.    There could, therefore, be no merger of the cause of action in it.    Black on Judgments, 680.

The plaintiff (appellee) was discharged by the railroad company, which, it appears, has not paid the wages due him at the time of his discharge.    It was the duty of the company to pay him.    He was not obliged to make demand for the amount due him.    If it could be said that he accepted the certificate of identification and statement of his account as payment, it is replied that he was a minor, and elected to disaffirm this agreement.    10 Am. & Eng. Enc. Law (1 Ed.), p. 628.

It appears from the evidence that the plaintiff's father knowingly permitted him to collect his wages, and though he

was a minor, and his father was entitled strictly to collect his wages, he waived this right, no doubt, commendably, to encourage his son. He was not bound to collect, or refuse his son the right to do so. According to the case of *St. Louis, Iron Mountain & Southern Railway Co.* v. *Paul,* 64 Ark. 83, 93, the appellee wes entitled to the penalty up to the time of the judgment.