Kansas City Southern Railway Company *v.* King.

Opinion delivered March 4, 1905.

1. Railroad—liability of purchaser at judicial sale.—Kirby's Digest, § 6587, providing, in effect, that whenever any railroad company shall purchase any railroad from any other railroad company, the purchaser shall take subject to all debts, liabilities and obligations of the seller, applies to private or voluntary sales, and not to judicial sales. (Page 368.)

2. Same—lien—jurisdiction to enforce.—A lien against a railroad for stock killed, which has been preserved by suing the railroad company which caused the injury within one year after the killing, cannot be enforced against a purchaser of the railroad by action in a justice's court.   (Page 370.)

3. Same—liability of purchaser.—A personal judgment cannot be rendered against the purchaser of a railroad in a suit to enforce a lien against the road for damage to stock inflicted by the former owner of the road.   (Page 370.)

Appeal from Polk Circuit Court.

Will P. Feazel, Judge.

Reversed.

King and Jacobs severally sued the Kansas City Southern Railway Company, and by agreement their cases were consolidated and tried together.   The facts were these:

A horse of King and hogs of Jacobs were negligently killed by the Kansas City, Pittsburg & Gulf Railroad Company in Polk County.   Thereafter the railroad company went into the hands of receivers, and ceased to have an agent in the county. Within one year after the stock was killed plaintiffs brought their suit in a justice's court against the railroad company and its receivers.   Judgment was taken against the receivers, and they appealed to the circuit court, where it was held that the service therein had upon the station agent was good as to the receivers, but not as to the railroad company, and the cause was continued as to the latter for want of service. A trial was had between plaintiffs and the receivers, resulting in a judgment for the receivers.   This is urged as *res judicata* here.   Thereafter the Federal court wherein the receivership was pending caused the railroad company to appoint an agent in the county upon whom process could be served.   Whereupon plaintiff had summons to issue from the circuit court, and be served on such agent; but the circuit court held the service insufficient because the case were pending there on appeal, and no service had been had on said railroad company in the justice's court, so that no judgment could be rendered against it in the circuit court.

Thereafter the plaintiffs appeared in the justice's court, where the causes originated, and filed what may be termed an amendment to the complaint, seeking to bring in the Kansas

City Southern Railway Company by alleging that the railway company had purchased the right, title and interest of the railroad company, and is liable for the value of the stock negligently killed; that it took the property "at mortgage or master's sale;" and prayed judgment against the railway company. The latter denied liability, set forth its title under decree of foreclosure sale, which had been confirmed, and that it took the property freed of all liability.

Judgment was rendered in the justice's court against the railway company, and appeal was taken to the circuit court, with like results. The railway company has appealed to this court.

*S. W. Moore* and *Read & McDonough,* for appellants.

The appellant is not liable under section 6188 of Sand. & H. Dig. 127 Fed. 606; 62 Ill. 477; 54 Texas, 125. A purchaser under foreclosure takes title free from all liabilities and liens. 2 Elliott, Railroads, § 526; 68 Ark. 171; 59 Ark. 312; 31 N. E. 567; 66 Fed. 224; 43 Mich. 252. The rule of *res judicata* applies. 29 Ark. 173; 5 Ark. 224; Herman, Estoppel, 155; Van Fleet, For. Adj. 995. The court had no jurisdiction. 44 Ark. 377; 55 Ark. 101.

*S. A. Downs,* for appellees.

Appellant is liable. Sand. & H. Dig. § § 6251-6253; 54 Ark. 453; Acts 1899, p. 145; Sand. & H. Dig. § § 6178-6180; 20 Am. & Eng. Enc. Law, 386.

Wood, J. 1. Section 6587, Kirby's Digest, is as follows: "Whenever any railroad company, corporation, individual or individuals shall purchase any railroad from any other railroad company, corporation, individual or individuals, the company, corporation, individual or individuals purchasing shall take and hold the same subject to all debts, liabilities and obligations of the company from which said road was purchased: and whenever any two or more railroad companies shall be consolidated, the consolidated company shall be liable for all debts, liabilities and obligations of all the consolidated companies." This statute does not apply to the sale of property by foreclosure. The purchaser at such sale takes the property freed from the debts, contracts and liabilities of the mortgagor, except such as were prior liens, and as the court may have provided for in its decree of foreclosure.

2 Elliott, Railroads, § 526. It would do violence to this statute to say that it had reference to sales made through the courts. There is nothing in the act to indicate it. The second section of the act provides that all persons having claims against the purchasing company or individual, under the act, shall present the same to the purchasing company within twelve months after receiving notice from the purchasing company or individual of the sale, or be forever barred. This shows that the act had reference to sales that were made privately or voluntarily, and not to public or court sales. In sales that are made through the courts all parties interested must be, or should be, notified. Such sales are made publicly, and become a part of the public records of the county in which the property is situated. The statute was directed specifically at purchases made from "railroad company, corporation, individual or individuals." "When one purchases from a court commissioner or master under an order of sale, he cannot be said to have purchased from a "railroad company, corporation, individual or individuals," but he purchases from the court. It was never intended by this statute to make one who purchases a railroad at a foreclosure sale liable for the general debts of the mortgagor or original owners. As was said in *Lake Erie & Western Ry. Co. v. Griffin,* 92 Ind. p. 492: "The case in principle is not different from the ordinary one where a party purchases property sold under a mortgage. Such person does not hereby become liable to pay the general debts of the original owner, though, if a prior lien exists upon the property, it may, of course, be enforced." See also *Joseph v. Southern Ry.,* 127 Fed. 606; *Hatcher v. T. W. & W. R. Co.,* 62 Ill. 477; *Houston & T. C. R. Co. v. Sherley,* 54 Tex. 125.

2. Counsel for appellees contend that appellant purchased the property at the master's sale with the express understanding that it would pay off all prior claims against the old Kansas City, Pittsburg & Gulf Railroad Company, and he recites in his brief the decree of foreclosure which contains a provision that the purchaser shall take the deed upon the express condition that he shall "pay any indebtedness and liabilities contracted or incurred by the Kansas City, Pittsburg & Gulf Railroad Company in the operation of said railroad prior to the appointment of the receivers in this case, which are prior in lien to said general mortgage," etc.

And also the following: "And such purchaser or purchasers shall take the property purchased, and situate within the jurisdiction of this court, subject to the performance by him or them, his or their heirs, executors, administrators, successors or assigns, of all the provisions of this decree." Appellant, having purchased under the decree, of course would be liable for the obligations mentioned in it, which it assumed. But we cannot find in the record that there was any such evidence before the trial court. The decree showing above statements was not introduced, and the agreed statement does not cover it.

3. Counsel for appellees contends that they have a lien on all the property of the old Kansas City, Pittsburg & Gulf Railroad Company "for the value of the stock killed by it."

Section 6661 of Kirby's Digest, among other things, provides: "'Every person who shall sustain loss or damage to person or property from any railroad, for which a liability may exist at law, * * * shall have a lien on said railroad for said * * * loss or damage, * * * superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees and beneficiaries under trusts, or owners." Section 6662. "The lien mentioned in the preceding section shall not be effectual unless suit shall be brought upon the claim * * * within one year after said claim shall have accrued." Section 6663. "The said lien shall be mentioned in the judgment rendered for claimant in the ordinary suit for the claim, * * * and said lien may be enforced by ordinary levy and sale under final or other process at law or equity."

Appellees brought suit within one year after their claim accrued against the Kansas City, Pittsburg & Gulf Railroad Company by filing their complaint and having summons issued. Thus they preserved their lien under section 6062, Kirby's Digest, *supra. Brown* v. *Buck,* 54 Ark. 453. But such lien did not entitle appellees to a personal judgment against appellants for the amounts in controversy, such as they have taken. They had a lien for their claim upon the railroad, but a justice of the peace has no jurisdiction to declare and enforce such lien. *Whitesides* v. *Kershaw,* 44 Ark. 377.

4. The plea of *res judicata* is not well taken. No judgment has been rendered against the Kansas City, Pittsburg & Gulf Railroad Company, and it is the right to have such judgment that gives appellees a cause of action. The personal judgments against appellant were improper, as there was no proof in the record to sustain them.

Reversed and remanded for new trial, or further proceedings not inconsistent with this opinion.

Hill, C. J., (dissenting.) It seems to me that the reversal is for reasons more technical than substantial.

As pointed out in the opinion of the majority, the appellees preserved their claim to a prior lien by filing suit within a year, as required by the statute. The railroad going out of business and into receivers' hands prevented service being obtained, but the filing of the suit, making the receivers parties thereto, gave notice to the receivers and record notice to the purchasers of the assertion of the lien. The agreed statement of facts herein admits that the defunct company was liable to appellees for the amounts sued for. That admission, and the preservation of the lien by suit within the year answers all the purposes of a judgment. If the suits had progressed to judgment, the validity of the claim could not have been more thoroughly established than by the admission of their validity. Such claims are prior to the rights of mortgagees, and purchasers at foreclosure sales of railroads take subject to all prior liens. The purchasing company, this appellant, took subject to all liens of which it had notice, and of which by law it was required to take notice, and the property it took over from the old company is burdened with these claims. It seems that a direct suit against the purchasing company is a proper way to reach the liability. Of course, it is only liable to the extent of the property it took over; but that question could hardly arise over a few hogs and a mule or two.

Moreover, it seems to me that section 6587, Kirby's Digest, is applicable. The purchaser at foreclosure sale takes, of course, freed of general debts and junior liens, but always subject to liens paramount to the mortgage lien.

It would be a fair and reasonable construction of this statute to apply it to foreclosure sales, as well as voluntary sales, with this difference only: The assumption of debts by the purchasing company at foreclosure sale is only of those debts which are prior

liens to the mortgage foreclosed, while at voluntary sales it is an assumption of all debts.

The decision herein practically amounts to putting appellees out one door, and inviting them back in another; and while I recognize the technical difficulties in the case, none of them seem sufficiently substantial to call for a reversal.