NORTH AMERICAN CO. v. ST. LOUIS & S. F. R. CO.

In re COY.

(District Court, E. D. Missouri, E. D.   July 17, 1916.)

No. 4174.

1. Railroads ⊚⊐161—Liens—Priority.

In 1912 intervener, while a passenger on the cars of the defendant railroad company, was injured in the state of Missouri. May 2, 1913, he brought an action in the circuit court of Arkansas against the railroad company to recover damages for his injuries, recovering judgment July 2d. May 28, 1913, on a creditors' bill filed in the federal District Court against the railroad company, receivers of all the property of the company were appointed and immediately took possession. Sand. & H. Dig. §§ 6251, 6252 (Kirby's Dig. § 6661), provides that every person who shall sustain loss or damage to person or property from any railroad shall have a lien on the roadbed, buildings, equipment, income, franchises, and all other appurtenances of such railroad superior and paramount to that of

⊚⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

all persons interested in the railroad, as managers, lessees, mortgagees, trustees, and beneficiaries under trusts, but such lien shall not be effectual unless suit be brought within one year after it occurs. *Held* that, intervener having sued within one year after his lien attached, such lien, having been reduced to judgment, could not be defeated on the ground that judgment was not recovered until after the appointment of receivers; the lien inhering, not in the judgment, but in the loss or damage.

2. RAILROADS ⬦161—LIENS—STATUTE.
  The lien given by the statute was not limited to citizens and residents of Arkansas, and intervener, having instituted action in the circuit court of Arkansas, was entitled to the lien, though the accident occurred in Missouri.

3. RAILROADS ⬦171(8)—LIENS—PRIORITIES.
  Under Sand. & H. Dig. §§ 6251, 6252 (Kirby's Dig. § 6661), declaring that every person who shall sustain loss or damage to person or property from any railroad shall have a lien therefor upon the roadbed, buildings, equipment, etc., superior to that of mortgagees, trustees, and beneficiaries under trusts, the lien given one injured is superior to the claims of mortgagees whose mortgages were placed on the railroad company's property after enactment of the statute.

In Equity. Bill by the North American Company against the St. Louis & San Francisco Railroad Company, on which receivers were appointed. Petition of J. L. Coy for intervention, praying the payment of the amount of his judgment against the defendant railroad company. On exceptions to the report of the special master. Exceptions sustained, and claim declared a lien and directed paid.

Pace, Seawell & Davis, of Little Rock, Ark., for intervener.
W. F. Evans and E. T. Miller, both of St. Louis, Mo., for defendant.
Nagel & Kirby and Allen C. Orrick, all of St. Louis, Mo., for trustees.

SANBORN, Circuit Judge. On August 17, 1912, J. L. Coy, while riding as a passenger upon the cars of the St. Louis & San Francisco Railroad Company, was injured at Chaffee, in the state of Missouri. On May 2, 1913, he brought an action in the circuit court of Crawford county, Ark., against the railroad company, to recover damages for his injuries. On May 28, 1913, upon a creditors' bill, filed in this court, against the railroad company, receivers of all the property of the company were appointed, who immediately took possession thereof and have since been administering that property. On July 2, 1913, a judgment was rendered in the circuit court of Crawford county in favor of Coy and against the railroad company for $18,000, which was subsequently affirmed on June 1, 1914, by the Supreme Court of the state of Arkansas. St. Louis & San Francisco R. R. Co. v. Coy, 113 Ark. 265, 168 S. W. 1106.

Prior to the time when any of the mortgages upon the property of the Frisco Company were made, and ever since, there has been a statute in Arkansas which provides that every person who shall sustain loss or damages to person or property from any railroad for which a liability may exist at law shall have a lien therefor upon the roadbed, buildings, equipments, income, franchises, and all other appurtenances of said railroad, superior and paramount to that of all persons interested in said

railroad as managers, lessees, mortgagees, trustees, and beneficiaries under trusts or owners, but such lien shall not be effectual unless suit shall be brought upon the claim within one year after it accrued.   Sandels & Hill's Digest of the Statutes of Arkansas, §§ 6251, 6252; Kirby's Digest, § 6661.   Mr. Coy has presented to this court his application for payment of his judgment out of the income or out of the proceeds of the property of the railroad company in preference to the creditors secured by the mortgages upon the property.   The master was of the opinion that he was entitled to no preference, because he obtained no judgment until after the receivers were appointed in this court and the property was segregated and placed in their charge.   It is also contended that Coy is entitled to no lien upon the property of the railroad company in Arkansas superior to that of the bondholders secured by the mortgage, because the statute giving the lien is a local statute of that state, which was not enacted for the benefit of nonresidents thereof, and because the accident upon which Mr. Coy's judgment is founded occurred in the state of Missouri, and not in the state of Arkansas.

[1] But under this statute of Arkansas the lien granted inheres, not in the judgment, but in the loss or damage to the person or property from the railroad, for which a liability may exist.   This loss or damage to Mr. Coy, for which the liability of the railroad company existed, occurred in August, 1912, and from that time, in the opinion of the court, the lien upon the property of the railroad company existed.   It is true that the continuance and the enforcement of the lien was conditioned by the commencement of a suit by Mr. Coy upon the cause of action within one year after that cause of action accrued and after the lien attached.   But that is immaterial now, because he commenced his action within the year, and before the suit was commenced in this court for the appointment of the receivers and the administration of the estate.

[2, 3] Nor was the benefit of the statute or the remedy granted under it limited to the citizens and residents of Arkansas, or to those who sustained damages within that state.   The statute is broad, simple, and comprehensive.   It provides that every person who shall sustain loss or damage to person or property from any railroad, for which a liability may exist at law, shall have the lien.   In the opinion of the court Mr. Coy is entitled to a lien upon the property of the Frisco Railroad Company situated in the state of Arkansas from the time of his injury in August, 1912, to the present time, prior in right and superior in equity to the claims of the parties secured by the mortgages upon the property, all of which were placed there after the Arkansas statute was enacted.   Southern Railway Co. v. Bouknight, 70 Fed. 445, 446, 450, 17 C. C. A. 181, 182, 186, 30 L. R. A. 823; Central Trust Co. v. Railroad Co. (C. C.) 65 Fed. 257, 260, 262; Railway Co. v. Frazier, 139 U. S. 288, 11 Sup. Ct. 517, 35 L. Ed. 196; Thompson v. St. Paul City Ry. Co., 45 Minn. 13, 47 N. W. 259.

It is accordingly ordered that the fourth, fifth, sixth, and ninth exceptions to the report of the master be, and they are hereby, sustained, and it is further ordered and adjudged that the claim of the intervener, Coy, for payment of the amount of his judgment and interest, is secured by a lien under the statute of Arkansas upon the property of

the Frisco Railroad Company in Arkansas, dating from August, 1912, prior in time and superior in equity to the liens of the various mortgages upon this property, that the said claim is hereby allowed as a preferential claim, and the receivers are hereby ordered and directed to pay it out of the income of the property now in their hands, and that in case such payment is not made on account of an appeal herefrom, or otherwise, that then, in case this order and decree shall be affirmed, the purchasers at the foreclosure sale herein shall take the property subject to said lien, shall by such purchase assume the payment of this claim, and that upon the affirmance of this order they shall forthwith pay it.