## THOMPSON v. GLOVER et al.

### No. 10930.

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1938.

Thomas T. Railey, of St. Louis, Mo., for appellant.

Tom W. Campbell, of Little Rock, Ark., for appellees.

Rowell, Rowell & Dickey, of Pine Bluff, Ark., amici curiæ.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from an order directing preferential payment of two personal injury judgment[1] claims (due Allen L. Glover, the other due the administrator of Owen McKinney) by appellant, trustee of the Missouri Pacific Railroad Company, debtor, in a reorganization proceeding under section 77 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 205.

Appellant contends that the claims should be allowed only as general claims, and not as preferred. The basis of the allowed preference is, as to each claim, a lien alleged to exist under the statutes of Arkansas. As to both claims, appellant contends that the lien was not perfected until after initiation of this bankruptcy proceeding and, therefore, is ineffective. As to one of the claims (McKinney), there is the further contention that the state statute does not extend to claims by an administrator based on injuries resulting in death.

### 1. Inchoate Lien.

The statutes involved are sections 8555, 8556, and 8557 of Crawford & Moses Digest of the Statutes of Arkansas. In so far as here pertinent, those sections are as follows:

"§ 8555. * * * Every person who shall sustain loss or damage to person or property from any railroad for which a liability may exist at law * * * shall have a lien on said railroad for said * * * loss, damages and services upon the road-bed, buildings, equipments, income, franchise, right-of-way, and all other appurtenances of said railroad superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees, and beneficiaries under trusts or owners."

"§ 8556. * * * The lien mentioned in the preceding section shall not be effectual unless suit shall be brought upon the claim, or the claim shall be filed by order of court with the receiver of said railroad within one year after said claim shall have accrued."

"§ 8557. * * * The said lien shall be mentioned in the judgment rendered for claimant in the ordinary suit for the claim, or in any order of court allowing such claim as a just charge against any railroad in the hands of a receiver, and said lien may be enforced by ordinary levy and sale under final or other process at law or in equity."

In the claims here, the injury to Glover and the injury to and death of McKinney occurred before institution of this bankruptcy proceeding; suit was filed before in the McKinney Case and after in the Glover Case; judgments in the state court were entered thereafter. Each action in the state court was filed within a year after the injury.

In this state of the law and the facts, appellant contends that "the potential or inchoate lien under this statute does not become a subsisting completed lien until it is recited in the judgment in a suit filed within one year after the date of the injury."

Appellees contend that the lien is a perfected lien as of the date of the injury—the provisions requiring suit within one year and recital of the lien in the judgment being conditions subsequent.

We think appellees correctly construe the statute. This is a remedial statute to be liberally construed as to its remedial part. Tucker v. St. Louis, I. M. & S. Ry. Co., 59 Ark. 81, 84, 26 S.W. 375, 376. Section 8555 creates and declares the lien. Section 8556 requires suit within one year to make the lien "effectual." Section 8557 requires the lien to be "mentioned" in the judgment. The meaning of these sections would seem to be to declare existence of the lien at the date of injury but to render it ineffectual unless suit brought within a year and a statement of the lien in the judgment. There are no Arkansas decisions directly or closely in point. In North American Co. v. St. Louis & S. F. R. Co., 246 F. 260, Judge Walter H. Sanborn, sitting in the District Court, thus construed these statutes. In that opinion, he said: "Under this statute of Arkansas the lien granted inheres, not in the judgment, but in the loss or damage to the person or property from the railroad, for which a liability may exist. This loss or damage to Mr. Coy, for which the liability of the railroad company existed, occurred in August, 1912, and from that time, in the opinion of the court, the lien upon the property of the railroad company existed. It is true that the continuance and the enforcement of the lien was conditioned by

---

[1] Each of these judgments was affirmed in the state Supreme Court, Missouri Pac. R. Co. v. Glover, 189 Ark. 23, 70 S.W.2d 549; Missouri Pac. R. Co. v. McKinney, 189 Ark. 69, 71 S.W.2d 180.

the commencement of a suit by Mr. Coy upon the cause of action within one year after that cause of action accrued and after the lien attached. But that is immaterial now, because he commenced his action within the year, and before the suit was commenced in this court for the appointment of the receivers and the administration of the estate." 246 F. 260, at page 262.

Also, see Kansas City Southern Ry. Co. v. King, 74 Ark. 366, 85 S.W. 1131, and Brown v. Buck, 54 Ark. 453, 16 S.W. 195. We agree with the quoted statement and think these liens were, under the facts here, effective as of the dates of the respective injuries.

## 2. Death Claim.

 Appellant contends that since this statute is in derogation of the common law it should, in so far as the parties affected thereby, be strictly construed. Such is the holding of the Arkansas Supreme Court. Tucker v. St. Louis, I. M. & S. R. Co., 59 Ark. 81, 84, 26 S.W. 375, 376; Little Rock, Hot Springs & Texas Ry. Co. v. Spencer, 65 Ark. 183, 47 S.W. 196, 42 L.R.A. 334; St. Louis, I. M. & S. Ry. Co. v. Love, 74 Ark. 528, 535, 86 S.W. 395, 398. However, the purpose of all statutory construction is to give effect to the intention of the Legislature within the expression of the statute. Therefore, no rule of strict construction can be applied to the bare language of a statute which will defeat the purpose of the statute. Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 93, 55 S.Ct. 50, 54, 79 L.Ed. 211; Donnelley v. United States, 276 U.S. 505, 512, 48 S.Ct. 400, 401, 72 L.Ed. 676; Ash Sheep Co. v. United States, 252 U.S. 159, 170, 40 S.Ct. 241, 244, 64 L.Ed. 507.

The main purpose of the statutes before us was "to prevent the worthy, and in many respects defenseless, classes of persons named therein from being deprived of * * * damages suffered by reason of negligence of those operating the roads, by having their claims made secondary to those of mortgage and other secured creditors." Tucker v. St. Louis Railway Co., 59 Ark. 81, 84, 26 S.W. 375, 376.

Clearly, this lien is allowed where even the slightest injury occurs. Considering the above set forth beneficent purpose of the statutes, as declared by the Supreme Court of Arkansas, and that actions for wrongful death are permitted by the Arkansas statutes, Crawford & Moses Digest of the Statutes of Arkansas 1921, § 1074, it would be very strange indeed if the lien were allowed for trivial injuries not causing death or serious impairment and yet not allowed where causing death which would deprive persons entitled to or dependent upon the earnings of the one killed. To construe the statute so narrowly would result in partial and serious defeat of its purpose. The language of the statute does not require such construction since a person deprived of the earnings or support of the one killed can well be regarded as a "person who shall sustain loss or damage to property"[2] within the language of the statute. To give effect to the purpose of the statute within its expression, we must deny this contention of appellant.

## Conclusion.

The result is that the contention of appellant must be denied, and the order affirmed.

---

[2] Under the Arkansas law, the wages of a minor belong to the father, Smith v. Gilbert, 80 Ark. 525, 98 S.W. 115, 8 L.R. A.,N.S., 1098; Vance v. Calhoun, 77 Ark. 35, 90 S.W. 619, 113 Am.St.Rep. 111; Kansas City, P. & G. R. Co. v. Moon, 66 Ark. 409, 413, 50 S.W. 996, 998, and The Arkansas statutes, Crawford & Moses Digest of Statutes of Arkansas, 1921, § 1075, expressly gives the widow and next of kin right of recovery for death of an adult.

