The Honorable James G. Dietz State Representative 5301 Warden Road, Suite H-1 North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request for an opinion concerning the authority of the North Little Rock Housing Authority to lease to minors. Your letter states that in December, 1990 the Housing Authority was advised by the Area Office of the Department of Housing and Urban Development that the policies of the Housing Authority should be revised to accept applications from individuals who were under the age of eighteen. In accordance with this directive, the Housing Authority revised its policies and it now provides housing for some families whose heads of household are age fifteen to seventeen. Your letter further states that it is the opinion of the North Little Rock Housing Authority that state law should clarify contractual age or require that persons be emancipated before applying for housing. I have paraphrased your specific questions as follows:
 1. Is it legal for the North Little Rock Housing Authority to provide housing to a person under the age of majority who has not been emancipated?
 2. Is a dwelling lease entered into between the North Little Rock Housing Authority and an unemancipated minor a legally binding contract?
It is my opinion that the answer to your first question is "yes." The answer to your second question is, in my opinion, generally "yes."
With regard to your first question, it should initially be noted that to be eligible for rental assistance from the Housing Authority, an applicant's income must not exceed the limits for admission established by the Department of Housing and Urban Development, and the applicant must qualify as a "family," which is generally defined as two or more persons sharing residency whose income and resources are available to meet the family's needs, or a single person, if elderly, disabled, handicapped, pregnant, or in the process of adopting or securing legal custody of a child under 18 years of age. The Fair Housing Act, Title VIII, 42 U.S.C. §§ 3601-3631, makes it unlawful for an owner "[t]o refuse to . . . rent . . . or otherwise make unavailable or deny a dwelling to any person because of race, color, religion, sex or national origin." 42 U.S.C. § 3604(a). The 1988 amendments to the Fair Housing Act added "familial status," defined essentially as the status of having a child or children under 18 years, to the list of prohibited bases for refusing to rent a dwelling to a person. The protections extend to individuals who are pregnant or who are in the process of securing legal custody of a child. 42 U.S.C. §§ 3602(k), 3604(a) (b). The 1988 amendments were addressed recently in Glover v. Crestwood LakeSection 1 Holding Corp., 746 F.Supp. 301 (S.D.N.Y. 1990), wherein the court certified a class to maintain an action against the defendant apartment complex where the plaintiffs alleged that, pursuant to § 3602(k), they had been denied housing because of their familial status, marital status and age. Members of the proposed class were primarily young, single and/or parents. The court noted that:
 Landlords may not refuse applicants apartments which they can afford and desire solely because these households do not conform with the landlord's traditional notions of what constitutes a family unit. If the landlord would make that size apartment available to a household consisting of the same number of individuals, but with more adults and less children, the landlord must accept the otherwise qualified . . . household as a tenant for that size apartment. Otherwise, the landlord is guilty of discriminating against that household on the basis of that family's familial status.
746 F.Supp. at 310. See also 42 U.S.C. §§ 6101-6107, which bars federally funded agencies from discriminating on the basis of age.
The right to file a public housing grievance was addressed in 24 C.F.R. § 966, Public Housing Lease and Grievance Procedures, which stated in pertinent part that:
 A technical amendment clarifies that a tenant must be an adult. The revision also makes clear that a live-in aide has no right to a grievance hearing. HUD [Department of Housing and Urban Development] does not impose any arbitrary age limitation, or any Federally imposed definition of adulthood or contractual capacity. HUD accepts the definition of contractual capacity as determined by State or local law, but does not seek to impose a uniform Federal definition. If an `emancipated minor' is vested with capacity, as determined by State and local law, to assume the leasehold, then the minor would be deemed an `adult' for purpose of HUD's definition. . . .
It is well established that in Arkansas, minors are vested with capacity to enter contractual agreements for "necessary items," such as food and shelter. Based on the fact that HUD accepts the definition of contractual capacity as determined by state law, it is my opinion that persons under the age of eighteen would be deemed "adults" for purposes of HUD's definition of those eligible to assume leaseholds.
With regard to this issue, as a general rule any contract made by an infant may be avoided or disaffirmed by him. Such contracts are not absolutely void then, but are only voidable at the instance of the infant himself. See Davie v. Padgett,117 Ark. 544, 176 S.W. 333 (1915). The right of a minor to avoid a contract for a lease entered into by him is personal to the minor, and other parties to the contract cannot take advantage of this right. McMillan v. Malvern Gravel Co., 136 F.Supp. 567
(W.D. Ark. 1955); Quality Motors, Inc. v. Hays, 216 Ark. 264,225 S.W.2d 326 (1949); Crutcher v. Barnes, 207 Ark. 768,182 S.W.2d 867 (1944). Accordingly, an infant's contracts have been said to be valid until disaffirmed. Kansas City, P. G.R. Co.v. Moon, 66 Ark. 409, 50 S.W. 996 (1899).
An exception to the general rule that an infant is not liable on his contract is that which states that an infant can bind himself, and is liable, for necessaries furnished him. ArkansasReo Motor Car Co. v. Goodlett, 163 Ark. 35, 258 S.W. 975 (1924);Midland Valley R. Co. v. Johnson, 140 Ark. 174, 215 S.W. 665
(1919). The term "necessaries," while flexible and not limited to any specific group of articles, usually applies to things supplying the infant's actual personal needs. The term has been held to include those things answering bodily needs, such as food, clothing, lodging, medical and hospital services. Seegenerally 43 C.J.S. Infants §§ 166-181 (1978).
Arkansas Code Annotated § 9-25-101 states that all persons of the age of eighteen years shall be considered to have reached the age of majority and be of full age for all purposes; until the age of eighteen, these persons are considered minors. While an order for the removal of the disabilities of a minor may be made by circuit or chancery courts (see A.C.A. § 9-26-104), as set out above, it is not imperative that a minor be emancipated in order to enter a contract where the contract is for necessaries. Likewise, it is also my opinion that it would not be illegal for another to contract with a minor for the provision of those necessaries, such as housing facilities provided by the North Little Rock Housing Authority as described in your question.
In response to your second question, it is my opinion that, as described in the situation set out in your question, a lease entered into between the Housing Authority and a minor who has not been emancipated would generally be a binding contract. As set out above, although a minor has the option of avoiding a contract for non-necessaries, this same privilege does not extend to contracts made for necessary items such as housing facilities. It should also be noted that the option of the minor to avoid contracts entered into in infancy is not one that the adult who enters the contract with the minor may claim as a right. SeeMcMillan v. Malvern Gravel Co., supra.
In sum, it appears that, as HUD accepts the state definition of contractual capacity, and Arkansas' definition includes the ability of minors to contract for necessaries, it is therefore legal, within the context of the facts presented in your question, for the Housing Authority to provide housing to minors and dwelling leases entered into for such necessaries would, in general, be binding contracts.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh