St. Louis, Iron Mountain & Southern Railway Company
*v.* Hudson.

Opinion delivered May 4, 1908.

1.  Railroad—contributory negligence—presumption.—Where plaintiff was injured by a moving car while attempting to cross a railway track, and testified that she looked before she started across the track and could not see any moving car approaching, it will not be presumed that she was negligent in failing to listen because she failed to state that she listened as well as looked for approaching cars. (Page 185.)

2.  Appeal—harmless error.—Where the question was whether defendant railroad company was negligent in injuring a licensee upon its track, it was not prejudiced by the introduction of evidence that it had many years previously maintained a footbridge for the travelling public at the place of injury, but had removed it before the injury occurred, where the court instructed the jury that, "no matter what had been the previous use of the premises of defendant by plaintiff and others of the public, the same were the private property of the defendant, and the railroad company had the right at any time to terminate the practice." (Page 185.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

1.  Appellee's own contributory negligence should bar recovery.  She had notice that the appellant moved cars in switching in the yards without regard to the rights of passers. It is negligence for a person to go upon a railroad track without exercising the senses both to see and hear approaching trains.  61 Ark. 558; 65 Ark. 239; 79 Ark. 137; 76 Ark. 224; 78 Ark. 60; 69 Ark. 139.

2. It was error to admit testimony as to the bridge or viaduct which formerly crossed the railroad track at or near the place where the injury occurred. If the maintenance of the viaduct was an invitation to the public, that invitation was withdrawn when appellant removed it; but there is no evidence to show either an express or implied invitation. 40 Atl. 614.

3. It is shown that there was a public crossing on either side of the yards. Having therefore a safe place to travel, appellee was as a matter of law guilty of contributory negligence in being in the yards, whether others used the yards in passing or not. 83 Ark. 300.

*L. A. Byrne,* for appellee.

1. Appellee was not a trespasser, but a licensee, and the appellant, having induced the public to use its right of way at this point, owed her the duty to keep a look out for her safety. 77 Ark. 561 and cases cited; 78 Ark. 22; 80 Ark. 528; 37 Am. & Eng. R. Cas. (O. S.) 313; 41 *Id.* (O. S.) 414; 13 *Id.* (N. S.) 462; 20 *Id.* (N. S.) 372; 103 Ia. 649; 67 S. C. 499.

2. Testimony as to the building of the viaduct was admissible, being one of the acts by the railroad company showing that it had provided a way for the traveling public; and when the viaduct came down, if the company desired to withdraw its invitation to the public, it should have given timely notice. 77 Ark. 561.

3. The character of the crossing and the extent of its use so as to vest rights in the public in that use, is a question of fact for the jury. 15 Am. & Eng. R. Cas. (O. S.) 424; 24 L. R. A. 531; 28 Am. & Eng. R. Cas. 656; 147 Mass. 495; 131 Mass. 391; 160 Mass. 211; 74 Fed. 285.

McCULLOCH, J. Appellee was injured while attempting to cross the railroad tracks of appellant in the yard at Texarkana, and sued for and recovered damages. She was crossing the tracks along a path which it is claimed had been continuously used by the public generally by permission of the railway company for a number of years, and she attempted to pass through an opening between the ends of two cars when a switch engine backing with a string of cars "kicked" a car backward against one of the cars near which appellee was passing, causing the

car to strike her, knock her down and inflict serious injury. She testified that she looked before she started across the track through the opening, but could not see an engine or any moving cars. There was evidence also to the effect that the railroad employees kept no lookout, and did not sound any signal by bell or whistle.

The evidence is conflicting upon every material point, but there was evidence sufficient to warrant the jury in finding the facts as stated above. This being true, it cannot be said that the evidence was insufficient to justify a verdict for damages.

Counsel contend that appellee does not clear herself of the charge of contributory negligence because she fails to state that she listened as well as looked for approaching cars. She does not say that she did not listen or that she stopped her ears so that she could not hear. She merely states that she looked for engines or moving cars. Now, there is nothing in her testimony which would warrant the jury in finding that she did not listen as well as look, or that anything prevented her from hearing the noise of approaching engine or cars if such noises had been made. She approached the track with her sense of hearing unimpaired, so far as the evidence discloses, and looked for the approach of engines or cars.

The rule stated in *St. Louis, I. M. & So. Ry. Co. v. Martin,* 61 Ark. 549, does not apply to the facts of this case.

Objection is made to the ruling of the trial court in allowing evidence to be introduced showing that many years before the injury occurred the railway company maintained for public use a foot bridge over the track at the place where it is claimed the path now runs. The evidence shows that many years before the injury, when an old hotel building was burned, the company took down the overhead bridge, and there is evidence tending to show that the path has been used generally by the public since the bridge was taken away. Without stopping to consider whether the evidence concerning the maintenance of the bridge was material or competent, we can not see how it could possibly have prejudiced appellant. There was no dispute about the previous maintenance and taking away of the bridge. The question in dispute was whether or not the railway company at the time of appellee's injury was permitting the public to use

the path through the yards. If it was, then appellee enjoyed the license, with the balance of the public, of traveling the path, and the employees of the company owed her the duty of ordinary care not to injure her while she was crossing the tracks. The court instructed the jury, at appellant's request, that "no matter what had been the previous use of the premises of defendant by plaintiff and others of the public, the same were the private property of the defendant, and the railroad company had the right at any time to terminate the practice."

With this admonition before the jury, we cannot see how any prejudicial effect could have come from the testimony concerning the abandoned bridge.

Judgment affirmed.