St. Louis & North Arkansas Railroad Company *v.* Bratton.

Opinion delivered January 17, 1910.

1.  Judgments—amendments after term.—While a court may amend
    the record of a judgment after the term at which it was rendered,
    so as to cause it to speak the truth, it has no authority in such
    case to revise a judgment, to correct a judicial mistake or to adjudge
    a matter or grant relief which might have been, but was not, con-
    sidered at the time of the trial.   (Page 237.)

2.  Railroads—enforcement of lien.—Under Kirby's Digest, § § 6661-3,
    providing that any person who shall sustain loss or damage to person
    or property from any railroad for which a liability may exist at
    law shall have a lien for said damage, but that said lien shall not
    be effectual unless suit shall be brought "within one year after said
    claim shall have accrued," and that "said lien shall be mentioned in
    the judgment rendered for the claimant," *held* that where the atten-
    tion of the court, in rendering a judgment upon a claim against a
    railroad company for damages to the person, was not called to the
    matter of mentioning the lien, and the court did not in fact adjudge
    that plaintiff was entitled to such lien, the judgment for such dam-
    ages could not at a subsequent term be amended so as to incorporate
    the lien therein.   (Page 238.)

Appeal from Searcy Circuit Court; *Brice B. Hudgins,* Judge;
reversed.

*W. B. Smith* and *J. Merrick Moore,* for appellant.

1.  The remedy by *nunc pro tunc* proceeding to correct errors
after the lapse of the term is available only to make the record
speak the truth, so as to show what was actually done, or what
judgment or order was actually rendered.   It cannot be used to
change or modify a judgment so as to recite something which was
not done or ordered, even though it be something that ought to
have been done.   The court now has no power to vacate, modify
or amend a judgment after the term has expired, except for the
causes specified in the Civil Code.   Kirby's Dig., § § 4431, 4432;
33 Ark. 454; *Id.* 161; 46 Ark. 552; 51 Ark. 231; 9 Ark. 185, 188;
17 Ark. 101-105; 33 Ark. 218; 34 Ark. 291; 55 Ark. 52; 78 Ark.
364; 87 Ark. 439.   The only ground recognized by the Code upon
which an amendment can be made is "for misprision of the clerk,"
which is defined to be "a mere omission to preserve of record cor-
rectly in all respects the actual decision of the court which in itself
was free from error.   102 Wis. 387; Burrill's Law Dict.; Black's
Law Dict.; 58 Pac. 940; 3 Cal. 255.

2. If appellee's contention is correct that he was entitled as a matter of right to have the lien mentioned in § 6661, Kirby's Digest mentioned in the judgment, then the failure to so mention it was an error of law which could be remedied by appeal only, and not by *nunc pro tunc* order. 28 So. 640, 641; Freeman on Judgments, 61, § 68; 1 Black on Judgments, § 132; 32 Ark. 154.

*U. S. Bratton,* for appellee.

The lien provided by the statute became a part of the judgment, just as much as if the judge had specially directed that it should be incorporated therein. Kirby's Dig. § § 6661, 6662, 6663; 77 Ky. 414. The failure to incorporate mention of the lien in the judgment was properly corrected by *nunc pro tunc* order. It was not necessary for the judge to think of, or have in mind, the lien at the time the judgment was entered, since it was a part of the judgment by force of the statute. Moreover, the record was properly amended, under the long recognized right of courts to correct judgments "in order to forward the justice of the case." 9 Ark. 188; 59 Am. Dec. 51, 52; 107 S. W. 736; 1 Col. 454; 15 Enc. Pl. & Pr. 214; 7 Cush. 282; 35 Ark. 278; 136 Fed. 27; 5 S. E. 70; 23 S. W. 1103; 9 Pac. 580. Since by virtue of the statute the judgment became a lien upon the property of appellant, whether recited in the judgment or not, the order changing the record entry does not affect the substantial rights of appellant. Kirby's Dig., § 6148.

FRAUENTHAL, J. This is an appeal from a judgment of the Searcy Circuit Court correcting or amending by *nunc pro tunc* order a former judgment of that court entered at a former term. At the February, 1909, term of the Searcy Circuit Court, the plaintiff below, Benjamin Bratton, administrator, filed his motion for a *nunc pro tunc* order, in which he stated that on January 10, 1906, he filed a complaint against the defendant to recover damages for the wrongful killing of one Benjamin Bratton, Sr., and that on March 16, 1907, said cause was tried in said court, and a verdict returned by the jury in favor of the plaintiff for $2,500. That a judgment was entered upon said verdict at that term of said court, but that by oversight it failed to mention the lien which goes with such a judgment. He asked that the judgment, as entered at said former term of court, "be corrected by a *nunc pro tunc* order, so as to mention the fact that a lien goes with the

judgment as against the property of the defendant which it owned at the time the cause of action accrued." Upon the trial of the original action the jury returned the following verdict: "We, the jury, find for the plaintiff, Benjamin Bratton, administrator of the estate of Benjamin Bratton, Sr., deceased, the sum of twenty-five hundred dollars;" and the following judgment was entered thereon: "It is therefore considered, ordered and adjudged by the court that the plaintiff, Benjamin Bratton, Jr., as the administrator of the estate of Benjamin Bratton, Sr., deceased, have and recover of and from said defendant said sum of twenty-five hundred dollars and all his costs in this suit laid out and expended, and in default of payment let execution go therefor."

The motion for the *nunc pro tunc* order was submitted to the court upon an agreed statement of facts. This statement includes the complaint and answer in the original suit, the verdict of the jury upon the trial of the action, and the former judgment entered therein, and also the following:

"2. That from the record of the case it does not appear that the plaintiff made any request to have granted it the lien mentioned in sections 6661 and 6663 of Kirby's Digest.

"3. It is further agreed that the judge of the circuit court, in accordance with his custom, left the form of the judgment to be drawn by the clerk of the court, intending that said judgment would be drawn to conform with the law and the facts; that his attention was never called to the lien mentioned in the above sections of Kirby's Digest, and that his mind never passed upon it."

The circuit court granted said motion, and entered in full a judgment *nunc pro tunc*, in which it stated in substance that "the judgment being a lien" on the property of the defendant which belonged to it at the time the cause of action upon which the verdict was rendered accrued. From this judgment, thus correcting or amending the judgment entered at the former term of the Searcy Circuit Court, the defendant prosecutes this appeal.

The plaintiff bases his right to the above lien by virtue of section 6661 of Kirby's Digest, which, in substance, provides that every person who shall sustain loss or damage to person or property from any railroad for which a liability may exist at law shall have a lien for said damage on said railroad and its prop-

erty.  And he contends that he is entitled to have said lien men-
tioned as a matter of right and of course in the judgment for
the recovery of the damages by virtue of section 6663 of Kirby's
Digest, which provides that "said lien shall be mentioned in the
judgment rendered for the claimant in the ordinary suit for the
claim, * * * and may be enforced by ordinary levy and
sale under final or other process of law or equity."  The plain-
tiff urges that he is entitled to have the former judgment of the
court which failed to mention said lien amended in that regard,
either because of the clerical misprision of the clerk in entering
the judgment, or because the mention of the lien is necessarily
and properly a part of the judgment by reason of the fact that
he was entitled to it as a matter of course.

The question that is thus presented for determination by
this appeal is in what regard and to what extent can a court amend
or correct its judgment after the expiration of the term at which
the judgment was rendered and entered.

In order to give to the record of a court the utmost sanctity
and an absolute verity, the common law declared that no judg-
ment could be amended after the term at which it was rendered.
But where the entry through some plain error fails to corres-
pond with the judgment that was actually rendered, the prin-
ciples of justice obviously require that it should be corrected;
and therefore this rule of the common law has been modified in
modern practice to that end.  The record should speak the
truth; and, as was said by Chief Justice COCKRILL in the case of
*Hershy* v. *Baer,* 45 Ark. 240, "the power of a circuit court to
amend its record so as to cause it to speak the truth is one in-
herent in the idea of justice."  The entry in the record should
correspond with the judgment which was actually pronounced,
and the court has the power, and it is its duty, even at a subse-
quent term, to make such changes in the entry as to make it
conform to the truth.  But where the judgment expresses the
entire judicial action taken at the time of its rendition, the
court has no authority, after the expiration of the term, to en-
large or to diminish it in matter of substance or in any matter af-
fecting the merits.  Under the guise of an amendment, there is
no authority to revise a judgment, or to correct a judicial mistake,
or to adjudicate a matter which might have been considered at
the time of the trial, or to grant an additional relief which was

not in the contemplation of the court at the time the judgment was rendered. "The authority of a court to amend its record by a *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak, but ought to have spoken." *Malpas* v. *Lowenstine,* 46 Ark. 552; *Cox* v. *Gress,* 51 Ark. 224; *Gregory* v. *Bartlett,* 55 Ark. 30; *Tucker* v. *Hawkins,* 72 Ark. 21; *Liddell* v. *Landau,* 87 Ark. 438; *Bouldin* v. *Jennings,* 92 Ark. 299.

If there was some issue on which the court should have passed and pronounced judgment, but did not actually do so, such omission cannot be supplied by an amendment at a subsequent term of the court. The entry should correspond only with the judgment actually intended and pronounced by the court; and if the entry does not do this because of any clerical mistake, or because some matter actually adjudicated has been inadvertently omitted, then it can be corrected so as to conform to what was actually done. "In regard to the power of amending judgments by supplying omissions, it is necessary not to lose sight of the principle that amendments can only be allowed for the purpose of making the record conform to the truth, not for the purpose of revising and changing the judgment. Hence, if anything has been omitted from the judgment which is necessarily or properly a part of it, but failed to be incorporated in it through the negligence or inadvertence of the court or the clerk, then the omission may be supplied by an amendment after the term. If, on the other hand, the proposed addition is a mere afterthought, and formed no part of the judgment as originally intended and pronounced, it cannot be brought in by way of amendment." 1 Black on Judgments (2 Ed.), § 156; 23 Cyc. 873.

In the case at bar the plaintiff was entitled, upon a recovery of the damages for which he sued, to have a lien upon the property of the defendant, and under certain circumstances of the case to have that lien mentioned in the judgment. But he was not entitled to such lien under any and all circumstances of the case; he was not entitled to the lien in event the suit had not been brought within one year after the claim had accrued. He was therefore not entitled to the lien necessarily and as a matter of course. Section 6662 of Kirby's Digest provides: "The lien mentioned in the preceeding section shall not be ef-

fectual unless suit shall be brought upon the claim * * * within one year after said claim shall have accrued." Before, therefore, a judgment could have been declared for said lien, it must first have been found that the suit was brought within the time specified· in the above section. In order to declare and mention said lien in the judgment, it was necessary that the court itself should make a finding and then an adjudication; and if no such finding and adjudication was actually made by the court, the omission can not now be supplied by an amendment of the judgment. For such amendment would not speak the truth, but would speak what should have been done, but was not. Under the agreed testimony in the case, neither before nor at the time of the rendition of the original judgment was the attention of the court called to this lien, and his mind never passed on it. The matter was therefore never actually adjudicated by the court. To make the adjudication and pronounce judgment thereon, it was necessary for the court to judicially investigate the matter. It may be that, from the evidence or the admissions of the parties, the court would have found that the suit was brought within the prescribed time. But the testimony might have supported a different finding; in which event the lien should not have been mentioned in the judgment. It was not within the province of the clerk to determine whether the suit had been brought within the required time. That was a matter for the judicial determination of the court. The court did not make that determination, and therefore did not pronounce the judgment which is now entered in the *nunc pro tunc* order. The mention of the lien was therefore not necessarily and properly a part of said judgment as originally rendered; and after the expiration of the term at which the judgment was pronounced it could not be amended so as to incorporate this matter therein.

We do not intend to decide by this opinion that the right of plaintiff to a lien on the defendant's property is in any manner affected or impaired by the failure to mention it in the judgment. Upon that question we express no opinion. We only decide that under the evidence in this case it was error to sustain the motion of the plaintiff herein to correct by a *nunc pro tunc* order the original judgment in this case as asked for by him.

The judgment is reversed, and the cause is remanded with directions to deny the motion for a *nunc pro tunc* order.