MISSOURI PACIFIC RAILROAD COMPANY *v.* GLOVER.

4-3428

Opinion delivered April 2, 1934.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.

*D. C. Abington* and *Tom W. Campbell,* for appellee.

BUTLER, J. Allen L. Glover brought suit in the White Circuit Court against the Missouri Pacific Railroad Company to recover for personal injuries received on February 4, 1933. There was a verdict and judgment in his favor, from which the railroad company has appealed.

At the conclusion of the testimony, the defendant moved for a directed verdict, which motion was overruled. The case was thereupon submitted to the jury.

The appellant contends that the trial court erred in not directing a verdict in its favor and in refusing to give instructions Nos. 3, 5 and 7, requested by it.

The evidence in the case is practically undisputed and tends to establish the following state of facts: Glover sustained his injuries while engaged in loading cattle on one of the cars of the appellant at Beebe, Arkansas. Practically all of the cattle were steers and were loaded from the regular stock pen by means of a cattle chute made of plank constructed with a bottom and sides. The cattle were passed from the loading pen into this chute and driven up it by Glover. He was behind the bunch of steers in the chute "pushing them up into the car." While so engaged, one of the hindmost steers stepped upon a plank in the bottom of the chute, causing it to break. The steer's hind legs fell through the opening thus made in the bottom of the chute and Glover stepped through it at practically the same time. At the point where the plank broke the bottom of the chute was about four feet above the ground. As Glover's leg went through the hole, the steer, which weighed approximately 1,000 pounds, fell back on him, which resulted in a severe injury to him.

Instruction No. 5, requested by the defendant and refused by the court, in effect told the jury that, if the plaintiff could have seen the hole by the use of ordinary care and failed to use such care, and in so doing was guilty of negligence which caused his injury, the jury should return a verdict for the defendant.

Instruction No. 7, requested by the defendant and refused by the court, is as follows: "The jury are instructed that the plaintiff was a man of mature years, and had been engaged in the line of loading cattle prior to this time; was familiar with the stock pens and loading chute of the defendant company, and whatever dangers and risks there was attendant upon his said duties, you are instructed that the plaintiff assumed all the dangers necessary and incident to his work."

The refusal of the court to give these instructions is assigned as error, and also the giving of instruction No. 1, requested by the plaintiff, which is as follows: "The jury is instructed that, if you find from a preponderance of the evidence that the plaintiff's injury was caused by the floor of the chute of the stock pen breaking through as plaintiff was helping to load some cattle into a car on the Missouri Pacific Railroad at Beebe and causing a steer to fall on plaintiff and injure him, and that the floor of the chute broke because the plank was rotten and unsound, and that the defendant railroad company, in permitting the chute of said stock pen to be in such condition, failed to exercise ordinary care for the safety of persons loading stock at said chute, and that the plaintiff was not guilty of contributory negligence, you should find for the plaintiff."

The testimony fails to show that there was any observable defect in the plank which broke, but that when this occurred Glover noticed that the cause of the break was that the plank was rotten underneath. The law is that, when the defendant engaged in the business of common carrier and constructed stock pens and chutes for the purpose of loading cattle upon its cars, the duty rested upon it to construct and maintain them in a reasonably safe condition, and that the failure to do so resulting in injury to one rightfully using the same would be negligence. The question as to whether or not the defendant had performed this duty was submitted to the jury by instruction No. 1, with directions to find for the plaintiff if it should find that the defendant was negligent in maintaining the chute, if the plaintiff him-

self was not guilty of contributory negligence. There was no error in the giving of this instruction of which the appellant can complain.

By instruction No. 2, given at the instance of the plaintiff and immediately following instruction No. 1, contributory negligence was defined, and the question of the plaintiff's contributory negligence was submitted to the jury. These two instructions fairly presented the plaintiff's theory.

The court did not err in refusing to give instruction No. 3 as requested by the defendant, or in modifying it and giving it as modified. That instruction, as requested, told the jury that, if the plaintiff, by the exercise of ordinary care, could have seen the hole in the chute, and by the use of such care could have kept from falling through it, but that he fell on account of his own carelessness, he would not be entitled to recover. The court modified this instruction by adding the words "in time to avoid the injury" immediately after the clause: "could have seen the hole in the chute," and gave it as modified. There was no error in the modification, for, if the evidence was that the plaintiff could not have seen the hole in the exercise of ordinary care in time to avoid the danger, certainly he could not be negligent for not having observed it sooner.

There is, however, a better reason, which is also sufficient to justify the court in its refusal to give instructions Nos. 5 and 7, and that is that there was no testimony to support either instructions 3, 5 or 7. If the condition of the chute was so obviously dangerous because of the hole in it that it would be negligence for one to attempt to load cattle over it, it was the duty of the defendant to prove such condition. This it failed to do. On the contrary, the inference is unmistakable that there was no danger apparent to one engaged as Glover was, for there was no hole in the chute until the plank was broken by the steer. The defect in the plank was not observable from above because the plank was decayed underneath.

There was no error committed by the trial court of which the defendant may complain in the giving or refusal of any of the instructions, or in the modifications made. The evidence was ample to sustain the verdict, and the judgment of the lower court is therefore affirmed.