MISSOURI PACIFIC RAILROAD COMPANY *v.* McKINNEY.

4-3423

Opinion delivered April 16, 1934.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.
*Tom W. Campbell,* for appellee.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of White County to recover damages for the death of his son, Owen McKinney, who was struck by appellant's train through the alleged carelessness and negligence of its employees in operating same. The alleged negligence consisted in the failure of its employees to exercise ordinary care to protect appellee's son or to prevent injuring him while he was crossing appellant's track south of the town of Beebe, along a well-defined footpath crossing from the east to the west side thereof.

Appellant filed an answer specifically denying any negligence on its part in killing appellee's son, but alleging that the cause of his death was the result of the boy's own negligence.

The cause was submitted upon the pleadings, evidence introduced by each party, and the instructions of the court, which resulted in a verdict and consequent judgment against appellant in the sum of $3,000, from which is this appeal.

The railroad track runs north and south through the town of Beebe. About a quarter of a mile south of the depot, a well-defined footpath crosses the track in a diagonal direction from the northeast to the southwest. This footpath had been used by the public for many years in crossing from one side of the track to the other. It was not a road crossing at which the statute requires railroad companies to sound their whistle or ring their bell in approaching same. At this point, appellant maintained three tracks on a dump some ten or twelve feet high. The main tracks were about eight feet apart, one being two feet higher than the other, and the side track east of the other two some six feet lower than the main tracks.

The testimony introduced by appellee tended to show that appellee's son left home on the morning of July 29, 1932, to visit a boy who lived on the opposite side of the

tracks; that, as he approached the dump or tracks, traveling in a southwest direction, an engine and tender running north was approaching the footpath appellee's son was walking in, and that it crossed the footpath just as his son reached the crest of the dump, and that, in passing around it onto the next track, a fast south-bound freight train, without giving any warning of its approach, struck the boy and cut off one leg and an arm, and broke the other leg in two places, from which injuries he died in about two hours; that the north-bound engine prevented him from seeing the south-bound train, and that the noise therefrom prevented him from hearing the south-bound freight as it approached; that the boy was struck and fatally injured while in the footpath.

The evidence introduced by appellant tended to show that appellee's son, in company with a companion, had decided to catch the south-bound freight for Little Rock and from there to go to an uncle who lived in the northwest; that, in an effort to catch the moving train, he caught hold of a box car some ten or twelve cars in the rear of the engine and was thrown under the train and injured, not in the footpath, but some considerable distance north of it; that the north-bound engine and tender had neared the depot before the south-bound freight reached the footpath, and that the trains did not meet at or near the footpath, and that same could not have prevented appellee's son from seeing the south-bound freight as it approached the footpath.

At the conclusion of the testimony, appellant requested an instructed verdict on the ground that the testimony was insufficient to show liability on its part. Of course, if the undisputed evidence showed that, after the engine passed appellee's son, he tried to board the fast-moving freight train and was thrown under it and injured, there would be no liability on the part of appellant, and the evidence would be insufficient to support the verdict and judgment, or, if the undisputed evidence showed that appellee's son stepped in front of the south-bound freight when he could have seen or heard it as it approached the footpath, the evidence would be insufficient

to support the verdict and judgment. The evidence was, however, in conflict on both points, and presented questions for determination by the jury and not by the court. The jury found adversely to appellant's theories, and it is bound by the finding.

Appellant contends, however, that appellee's son was a trespasser on its right-of-way and not entitled to any protection except not to wantonly injure or kill him after discovery. It is argued that the statutory signals are not required to be given by railroads in approaching footpaths; that railroads are required to sound whistles and ring bells only when approaching a road or public crossing. Although this is true, it does not follow that railroad companies owe no degree of care to pedestrians who pass over its tracks on well-defined footpaths with its knowledge and implied consent for a long period of time. This court said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Hudson,* 86 Ark. 183, 110 S. W. 590, that: ''The question in dispute was whether or not the railroad company, at the time of appellant's injury, was permitting the public to use the path through the yards. If it was, then appellee enjoyed the license, with the balance of the public, of traveling the path, and the employees of the company owed her the duty of ordinary care not to injure her while crossing the tracks.'' This declaration finds its origin in the common law, which is in full force and effect in this State. The rule is general and has application where the signal statute has none. In 22 R. C. L., the rule is stated in the following words: ''It is clearly the duty of a railroad company at common law to give notice of the approach of trains at all points of known or reasonably apprehended danger. And failure to do so will render the company liable where such failure was the proximate cause of injury to one not guilty of contributory negligence.'' See also White on Personal Injuries, vol. 2, pp. 1288-1290 and 1293; Thompson on Negligence, vol. II, § 1725; *Houston & Texas Central Railroad Company* v. *Boozer,* 70 Tex. 530.

The evidence is ample to sustain the verdict and judgment under the rule of law declared in the authori-

ties referred to, and, under this rule, the instructions given by the court relative to liability were correct.

Appellant also contends for a reversal of the judgment because the court instructed the jury as to the law of comparative negligence. It is argued that there was no negligence at all on the part of the appellant; hence no negligence on its part to compare with the negligence of appellee's son. The record, according to the evidence introduced by appellee, tended to show that the southbound freight approached the footpath, where appellee's son was killed, at a fast rate of speed without giving any warning and without regard to the danger incident to passing or meeting another train which might obstruct its view of the footpath and the view of its approach by any one in the footpath while in the act of crossing the track. The testimony justified the instruction given on comparative negligence.

Appellant also contends for a reversal or reduction of the judgment on the ground that it is excessive. Appellee's son was 18 years of age when killed, and had been a dutiful and hard-working son. He not only assisted his father on the farm, but worked out when he could find work, and contributed practically all his earnings to his father and the support of the family. The testimony tended to show he had an earning capacity of about $500 a year. We do not understand the rule to be, as contended by appellant, that the parent is limited absolutely to a recovery for damages, in case of the wrongful killing of his child, to its earning capacity during the remainder of its minority; but, on the contrary, is entitled to recover such sum as the parent would have received had the child continued to live, considering all the facts and circumstances in the particular case. 8 R. C. L., p. 839, § 113.

No error appearing, the judgment is affirmed.

Justices SMITH, McHANEY and BUTLER dissent.