BALDWIN *v*. COBB.

4-3847

Opinion delivered May 6, 1935.

*Thomas B. Pryor, H. L. Ponder, Jr.,* and *H. L. Ponder,* for appellants.

*Golden Blount* and *Tom W. Campbell,* for appellees.

SMITH, J. This suit was brought by the father of L. E. Cobb to recover damages for himself, and as guardian for his son against the appellant railroad company to compensate the loss of the son's right foot and left hand, and the consequent loss to the father of his son's services.

The testimony as to how the injury was sustained is in hopeless and irreconcilable conflict. The testimony of the crew operating the train which injured the boy was to the effect that they knew nothing about the injury until long after it had occurred. The testimony of other wit-

nesses not employed by the railroad company was to the effect that the boy attempted to catch a moving freight train in appellant's railroad yards in North Little Rock, but was unsuccessful in the attempt and fell under the train.

The boy, who is now seventeen years old and was sixteen at the time of his injury, admitted that he was a trespasser. He testified that he caught the freight train just as it began to move, and that he had climbed upon an oil tank car, where he was standing when a brakeman came up and said, "What are you doing on here?" The brakeman shoved him, and he fell under the wheels of the train.

H. R. Wilson, a former employee of the appellant railroad company, corroborated this statement. Wilson testified that, after the train had attained a speed of from fifteen to twenty miles per hour, he saw a brakeman and a boy scuffling on a car and thought they were fighting. He saw the man shove the boy, who fell off, and the train ran over the boy. There was other testimony corroborative of this, and while, as we have said, it was all sharply contradicted by other witnesses, we must accept it as true, under well-defined rules, in passing upon its sufficiency to support the verdict. When this is done, as it must be, it is apparent that, under many decisions of this court, a case was made for the jury.

There was a verdict and judgment for the father in his own behalf for the sum of $2,000 and for $11,500 for the benefit of his son, from which is this appeal.

For the reversal of the judgment, it is insisted that the court erred in refusing to give instructions numbered 2, 4, 6 and 7 after refusing a request for a peremptory instruction, and also that the verdict is excessive.

The essence of all these instructions is to declare the law to be that there could be no recovery if the boy undertook to board a moving train, and in so doing was thrown under the train and thus injured. This is—and is conceded to be—the law. But the law was so declared in numerous instructions which were given at the request of both appellant and appellee as well. The instructions given were so plain and unambiguous that there was no

doubt upon the subject. The instructions given at the request of appellee required the jury, before returning a verdict in his favor, to find from the evidence that "a brakeman on said train wilfully and maliciously pushed, shoved or threw the said L. E. Cobb off of said train, and caused him to fall upon one of the rails of said railroad track in such position and manner that the wheels of said train ran over him and cut off his right foot and his left hand."

At the request of appellant the court charged the jury that the railroad employees were under no duty "to keep a lookout along the side of the trains and box cars so as to see and discover persons who may desire to catch on the side of said trains and cars, and if persons attempt to catch upon trains of the defendants and are injured, that they cannot recover on account of their own carelessness and neglect."

This instruction is predicated upon the theory of the case which the testimony on appellant's behalf tended to establish. A number of other instructions were given which made it unmistakably plain that there could be no recovery, if appellee was injured while attempting to board a train.

Instruction numbered 2 as requested by appellant read as follows: "The jury are instructed that if you find from the evidence that L. E. Cobb undertook to board a moving train of the Missouri Pacific Railroad Company in the yards at North Little Rock, and in doing so (was thrown and) fell under said train, and that this caused his injuries upon which this suit for damages is based, then you are instructed that the plaintiff would not be entitled to recover and your verdict would be for the defendant."

The court struck out the words, "was thrown and," inclosed in the parentheses, and gave it as thus modified. There was no error in this modification. The basis of appellee's suit was that he had been thrown from and had fallen under the moving train. The admitted fact that the boy was a trespasser did not justify the brakeman in throwing the boy from the moving train, and the boy's contributory negligence in being on the train was

no justification for that action. *St. L. 1. M. & S. Ry. Co.* v. *Robertson,* 103 Ark. 361, 146 S. W. 482; *St. L. I. M. & S. Ry. Co.* v. *Grant,* 75 Ark. 579, 88 S. W. 580; *St. L. I. M. & S. Ry. Co.* v. *Pell,* 89 Ark. 87, 115 S. W. 957; *Railway Co.* v. *Hackett,* 58 Ark. 381, 24 S. W. 881; *C. R. I. & P. Ry. Co.* v. *Womble,* 131 Ark. 411, 199 S. W. 81. See, also, 20 R. C. L., page 144.

The same legal principle was expressed in the modification of instruction numbered 4. This instruction reads as follows: "The jury are instructed that if you find from the evidence that L. E. Cobb was injured by reason of his own negligence and carelessness, (and that this contributed solely to his injury), then you are instructed that plaintiff is not entitled to recover, and your verdict should be for the defendant."

This instruction was amended by striking out the words inclosed in the parentheses and the insertion of the phrase, "and that this was the sole cause of his injury."

Instruction numbered 6 was a correct definition of contributory negligence, which might have well been given, but there is no error in its refusal. It was not contended that appellee was not guilty of contributory negligence; but, even so, this was no defense to an action for a wilful injury thereafter committed, which was the sole and well-defined issue of fact in the case.

Instruction numbered 7, which was also refused, was a reiteration of the declaration, fully covered in other instructions, that, if the boy was injured in an attempt to catch the train, his contributory negligence would bar any recovery. There was no error in refusing this instruction, not only because it was fully covered by other instructions which were given, but also because it was calculated to leave the impression that the boy's contributory negligence in catching the train would bar his right to recover for the subsequent wrongful act of the brakeman in shoving him from the train, which is not the law, as clearly appears from the cases above cited.

Upon the issue of the excessiveness of the verdict, it may be said that the judgment for $11,500 in favor of the boy does not appear to be so excessive as to require its

reduction. He will enter his adult life permanently maimed and almost totally incapacitated for the ordinary manual labor which he may have to perform to earn his livelihood, to say nothing of his disfigurement and the pain and suffering which he has endured.

The recovery by the father of a judgment for $2,000 presents a closer question of fact. The testimony shows that the boy's services on his father's farm were worth $20 per month at the time of his injury, and their value would naturally have increased as the boy grew older and approached his majority. It was shown also that a large expense was incurred for hospitalization and surgical fees, as the boy was not carried to or operated upon at the railroad hospital. The testimony fully sustains the finding that the young man had ceased to have an earning capacity for his father, and had become a charge upon him. We conclude therefore that this part of the judgment should not be reduced. *M. P. Rd. Co.* v. *McKinney,* 189 Ark. 69; *Arkansas Power & Light Co.* v. *Hoover,* 182 Ark. 1065, 34 S. W. (2d) 464.

No error appears, and the judgment will be affirmed.