Missouri Pacific Railroad Company, Thompson,
Trustee, v. Helmert.

4-5228                                        121 S. W. 2d 103.

Opinion delivered November 7, 1938.

*Thomas B. Pryor* and *Thomas B. Pryor, Jr.,* for appellant.

*J. E. Yates* and *Partain & Agee,* for appellee.

Smith, J.   Hardel Helmert filed two suits on January 21, 1932, to recover damages on account of an in-

jury sustained by his wife on February 23, 1931. He filed one suit as the administrator of her estate, to recover damages to compensate the conscious pain and suffering alleged to have been occasioned his wife by her injury; the other suit was brought in his name and right. These suits were consolidated and tried together as a single case. As administrator he recovered judgment in the sum of $600, and in his own suit judgment was rendered in the sum of $400, and this appeal has been prosecuted from those judgments.

No complaint is made that error was committed in admitting or in excluding testimony, nor in giving or in refusing to give instructions. Reversal is prayed upon the grounds that no case was made for the jury, and that error was committed in adjudging the judgments to be liens upon the physical property of the Railroad Company.

The case was tried upon the theory that the Railroad Company had failed to give signals of the approach of the train to the crossing where the alleged injury occurred and that no lookout had been kept.

The testimony as to the manner of the deceased's injury is to the following effect. On the afternoon of February 23, 1931, deceased started to the home of a neighbor, and went across the railroad track at a crossing used by the general public and which the Railroad Company had maintained for many years. The track is straight for more than a quarter of a mile from the direction the train was coming, and there was nothing whatever to obstruct the vision of one using the crossing or to prevent the operatives of the train from seeing one about to cross the track.

The deceased evidently walked on the railroad track without looking in either direction. She wore a bonnet at the time, which reduced the range of her vision. That she was guilty of contributory negligence in doing so appears to be very obvious and quite certain; but whether her negligence was equal to or greater than that of the railroad company was a question of fact which was submitted to the jury.

It appears, from the testimony, that, before deceased had crossed the track she discovered the train a short distance away and ran or jumped from in front of the train and caught her foot on a spike sticking up at the edge of the crossing in one of the crossties, causing her to fall and injure herself.

It is practically undisputed that no signals were given for the crossing, nor was the distress signal of the whistle blown. Both the engineer and the fireman testified that they were keeping a lookout, but each admitted that he did not see the deceased on the crossing. As there was nothing to obstruct their vision the jury may well have concluded that no lookout was being kept, notwithstanding the testimony to the contrary. The train in question was a short passenger train, and the engineer testified that he could have stopped the train in about 150 feet. The train was running late, and there was no other train due at that time, and a strong wind was blowing in the direction of the approaching train.

Under this evidence we are unable to say, as a matter of law, that the negligence of the deceased was equal to or greater than that of the railroad company, and, as has been said, that question of fact was submitted to the jury under instructions of which no complaint is made. In the case of *Baldwin* v. *Waters*, 191 Ark. 377, 86 S. W. 2d 172, it was said that "The fact that the deceased was himself guilty of contributory negligence did not prevent the jury from finding that the failure to give the signals was the proximate cause of the injury." See, also, *Pye* v. *Chicago, R. I. & P. Ry. Co.*, 193 Ark. 388, 100 S. W. 2d 254; *Missouri Pacific R. R. Co.* v. *Nelson*, 195 Ark. 883, 115 S. W. 2d 872; *Missouri Pacific R. R. Co.* v. *Manion*, ante p. 981, 120 S. W. 2d 715.

It is insisted that the undisputed testimony shows that appellee's injury was not the cause of her death. But we do not concur in that contention. In her haste to reach a place of safety, after discovering the approach of the train, appellee tripped over the spike above referred to. The court charged the jury as a matter of law that negligence could not be predicated upon the

presence of the spike; but certainly its presence does not excuse the railroad company if it was otherwise negligent and liable. The unwarned approach of the train and its immediate proximity, when discovered, caused deceased to run or jump in the endeavor to reach a place of safety. In the case of *Missouri Pacific R. R. Co.* v. *Watt,* 186 Ark. 86, 52 S. W. 2d 634, a judgment was affirmed in favor of the driver of a truck whose truck was not struck by a train, but, who, ". . . in order to avoid being struck and run over by said train . . . was compelled to swerve it suddenly and abruptly into the curb, turning the truck over, wrecking it, and injuring appellees."

Deceased died April 17th after sustaining the alleged injury on February 23rd, and all the physicians who testified in the case agree that she died of pneumonia; but they disagree as to whether it was traumatic pneumonia, this being a form of that disease caused by an injury. One physician—the family doctor—expressed the opinion that the disease was of that character, while two other physicians were of the opinion that an attack of influenza had superinduced the pneumonia. These latter based their opinions upon the fact that deceased's husband had an attack of influenza, and he had been attended by deceased during his illness, and also upon the length of time intervening between the date of the injury and the development of the pneumonia. One of these two physicians saw the deceased only on the day of her death, having been called to consult with Dr. Post, the family physician. The other doctor had not attended deceased, but gave testimony based upon the hypothetical questions as an expert.

Dr. Post, the family physician, testified that he was called to attend the deceased about 10 p.m. on the day of her injury, and found her suffering from a lacerated leg and a severe pain in her side. He bandaged the leg and gave medicine to relieve the pain in her side of which deceased complained. He again saw her the next morning, and many times thereafter prior to her death. His bill for these services amounted to $130. Deceased had

influenza, and Dr. Post treated her for that disease. He admitted the possibility that the pneumonia might have had its origin from the influenza, but he stated that, to the best of his knowledge, and in his opinion, the pneumonia was of traumatic origin. This doctor was the local surgeon of the railroad company, and while he admitted that traumatic pneumonia usually developed within a few days he stated that this was not true in all cases, and that in his opinion "deceased died from traumatic pneumonia, which set up from the injuries, which had lingered along in the tissues of the lungs, and the pneumonia was secondary to the injuries."

This testimony was sufficient to present the question of fact to the jury whether the injury had caused the pneumonia. We do not regard the testimony that deceased had waited upon her husband to some extent after her injury as conclusive of the fact that she had recovered from her injury prior to her death. It is readily conceivable—and the jury may have found—that a devoted wife would render such service to her sick husband, although she was in no physical condition to do so.

We think no error was committed in declaring a lien upon the property of the railroad company, although it was in the hands of a trustee in bankruptcy. Such is the effect of our holding in the case of *Missouri Pacific R. R. Co.* v. *Hancock et al.*, 195 Ark. 911, 114 S. W. 2d 1076.

This question was considered and decided adversely to appellant's contention in the cases of *Thompson* v. *Glover, and of Thompson* v. *McKinney,* 94 Fed. 2d 544. In each of those cases this court had affirmed a judgment against the Missouri Pacific Railroad Company, the appellant here. See *Missouri Pacific R. R. Co.* v. *Glover,* 189 Ark. 23, 70 S. W. 2d 549; *Missouri Pacific R. R. Co.* v. *McKinney,* 189 Ark. 69, 71 S. W. 2d 180.

This case of *Thompson* v. *Glover,* which we have just cited, was an appeal from an order directing the preferential payment of these judgments, from which order an appeal was duly prosecuted. In that opinion it is recited that "the injury to Glover and the injury to and death of McKinney occurred before institution of this

1078

bankruptcy proceeding; suit was filed before in the Mc-Kinney case and after in the Glover case; judgments in the state court were entered thereafter. Each action in the state court was filed within a year after the injury." Here, as there, the suit was filed within a year after the injury, and in appellant's brief it is said that "This accident occurred and suit was brought before the Missouri Pacific Railroad Company was adjudicated a bankrupt, but at the time of the trial, as is recited in the judgment, all of the property of the Missouri Pacific Railroad Company was and is now in the hands of a trustee in bankruptcy." We have, therefore, the same question presented to and decided by the Court of Appeals of this circuit. It was there held, to quote the second headnote in that case, that "Under Arkansas statute granting lien against railroad for personal injury or property damage, lien is perfected as of date of injury, and requirements that suit be brought within one year, and that lien be recited in judgment are conditions subsequent, and hence judgments recovered against railroad in Arkansas in actions filed within a year after injury and death were entitled to preferential payment in railroad reorganization proceeding, notwithstanding judgments were entered after institution of proceeding, where injury and death occurred before institution of proceeding. Crawford & Moses' Dig., Arkansas, §§ 8555-8557; Bankr. Act, § 77, as amended, 11 USCA, § 205."

We conclude, therefore, that it was not error to award appellee the lien granted by §§ 8555-8557, C. & M. Digest (§§ 11131-11133, Pope's Digest).

As no error appears, the judgment must be affirmed, and it is so ordered.