**THOMPSON v. EVANS.**

**In re MISSOURI PAC. R. CO.**

**No. 11685.**

Circuit Court of Appeals, Eighth Circuit.

July 22, 1940.

Rehearing Denied July 31, 1940.

THOMAS, Circuit Judge, dissenting.

Thomas T. Railey, of St. Louis, Mo. (Russell L. Dearmont, of St. Louis, Mo., on the brief), for appellant.

C. O. Inman of St. Louis, Mo., for appellee.

Before WOODROUGH and THOMAS, Circuit Judges, and BELL, District Judge.

WOODROUGH, Circuit Judge.

This is an appeal by the trustee in reorganization proceedings of the Missouri Pacific Railroad Company, Debtor, from an order of the court giving the appellee's claim for damages for personal injuries a preferred classification as a lien upon the property of the debtor in Arkansas paramount over the liens of the several mortgages upon said property.

The appellee based his right to preferred classification on his claim upon the paramount lien statutes of Arkansas, of which the pertinent provisions, enacted in 1899, are sections 11131, 11132, and 11133 of Pope's Digest of the Statutes of Arkansas, 1937 (formerly sections 8555, 8556, and 8557 of Crawford & Moses' Digest of Arkansas Statutes, 1921), as follows:

"§ 11131. * * * every person who shall sustain loss or damage to person or property from any railroad for which a liability may exist at law * * * shall have a lien on said railroad for said * * * loss, damage and services upon the road-bed, buildings, equipments, income, franchise, right-of-way, and all other appurtenances of said railroad superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees, and beneficiaries under trusts or owners."

"§ 11132. The lien mentioned in the preceding section shall not be effectual unless suit shall be brought upon the claim, or the claim shall be filed by order of court with the receiver of said railroad within one year after said claim shall have accrued."

"§ 11133. The said lien shall be mentioned in the judgment rendered for claimant in the ordinary suit for the claim, or in any order of court allowing such claim as a just charge against any railroad in the hands of a receiver, and said lien may be enforced by ordinary levy and sale under final or other process at law or in equity."

The facts are stipulated. The claimant, Evans, is and was at all times material to this controversy a citizen and resident of Pine Bluff, Arkansas. On August 7, 1931, he sustained bodily injuries as a direct result of being run over by a train of the railroad company in his home town. Within one year thereafter, that is, on September 10, 1931, he instituted a suit in the Circuit Court of the City of St. Louis, Missouri, to recover damages for the injuries thus sustained. On January 24, 1933, upon a trial of the case a verdict was rendered in his favor and a judgment was entered thereon against the company in the amount of $15,000 and costs with interest at 6 per cent. The judgment was affirmed by the Supreme Court of Missouri on December 17, 1937, and rehearing was denied May 3, 1938. Evans v. Missouri Pac. R. Co., 342 Mo. 420, 116 S.W.2d 8.

The Missouri Pacific reorganization proceedings were instituted March 31, 1933, more than one year after the injury occurred. The amended proof of claim under consideration was filed July 21, 1938. It is predicated upon the suit and judgment of the St. Louis Circuit Court. The lien given by section 11131 of the Arkansas statute, supra, is not "mentioned in the judgment rendered for claimant" as provided in section 11133 of the statute.

The Missouri Pacific Railroad Company executed and recorded two mortgages on its property in 1917, one for $264,040,500 and the other for $51,350,000.

The claim was referred to a special master who, after a full hearing, made findings of fact and conclusions of law and recommended that the claim be allowed as a general unsecured obligation and that the request for preferred classification be denied. Exceptions were filed to the master's report and upon a hearing the court held that the claim was entitled to a paramount lien under the Arkansas statutes, supra, and granted it a preferred classification. The appeal is from this order.

The points argued upon which appellant relies for reversal are, in substance, that: (1) As the judgment for damages obtained against the railroad company failed to mention the lien, all right to benefit of the Arkansas paramount lien statutes was lost; (2) the injured man chose to bring his action for damages in Missouri, and the Missouri court being without power to effect a lien upon railroad property in Arkansas, no lien could be enforced against the trustee, and (3) the claim for damages became merged in the Missouri judgment, and therefore the steps taken by claimant in the reorganization proceedings must be deemed to be predicated upon the judgment and not upon the original claim.

■ 1. This court considered the Arkansas paramount lien statutes in Thompson v. Glover, 8 Cir., 94 F.2d 544, and declared in conformity with the Arkansas decisions that the lien thereby accorded to any one who sustains injury to his person from a railroad for which a liability may exist at law, is a lien which is a perfected lien as of the date of the injury. But as a condition to secure the benefit of the statutes, the injured person is required by the statute to bring his suit upon his claim for damages within one year of the accrual of his cause of action. When he has brought his suit within that time, the condition is complied with to the extent that he is entitled to the perfected lien to secure payment of such judgment as may be awarded him in that action. As said by the Supreme Court of Arkansas in St. Louis, I. M. & S. R. Co. v. Ingram, 124 Ark. 298, 187 S.W. 452, loc. cit. 455, referring to the bringing of the suit within the year, "It is rather a condition upon the performance of which the right to the lien is created." The suit in the instant case was brought against the railroad within one year of the accrual of the cause of action and in that respect appellee fulfilled the condition upon the performance of which his right to the lien was created.

■ Appellant has called attention to the expression used by this court in its opinion in Thompson v. Glover, supra [94 F.2d 545], indicating that "recital of the lien in the judgment" was a further and similar condition to the creation of the lien. That appeal involved two claims for preferred classification under the Arkansas paramount' lien statutes, one for personal injury occurring February 4, 1933, and one for death loss, occurring July 29, 1932. Suit was brought against the railroad on the personal injury claim on May 2, 1933, and the judgment as amended was entered thereon on September 23, 1933. Affirmance was had in the Supreme Court on April 2, 1934. Missouri Pac. R. Co. v. Glover, 189 Ark. 23, 70 S.W.2d 549. The suit for the death loss was brought on August 10, 1932, and judgment as amended was entered September 23, 1933. Affirmance was had in the Supreme Court April 16, 1934. Missouri Pac. R. Co. v. McKinney, 189 Ark. 69, 71 S.W.2d 180. Both judgments as amended recited the lien in accordance with the paramount lien statutes. The points argued by appellant on the appeal to this court in the Glover case were that the liens there claimed were merely inchoate on the date of the bankruptcy of the railroad (March 31, 1933) and had not been perfected until after initiation of the railroad bankruptcy proceeding and that the lien statute did not extend to claims for death loss. No question concerning the absence of a "recital of the lien in the judgment" was involved in the appeal. There was such recital, though it had been entered by amendment after the initiation of the railroad bankruptcy. Now that the question whether the recital of the lien in the judgment is a condition precedent to the creation of the lien is directly presented in this appeal, we think we are bound to follow the declaration of the Arkansas court, that bringing the suit within the specified time is the condition "upon the performance of which the right to the lien is created". The provision of the third of the sections quoted from the Act, that the lien shall be mentioned in the judgment, is addressed to the court entering the judgment rather than to the injured person who has shown himself entitled thereto by suing on his claims within the year and by making his proof. The requirement, although in the imperative form, is directory in its nature and does not carry the implication that the injured person shall forfeit his right if the court merely fails to make the entry.

The decision in St. Louis & N. A. R. Co. v. Bratton, 93 Ark. 234, 124 S.W. 752, 754, establishes, however, that the function of fixing the amount of the paramount lien to secure payment of the judgment is not a merely ministerial act which the court entering the judgment might leave to be performed by the Clerk. In its de-

cision in that case the Supreme Court of Arkansas reversed an order which was entered nunc pro tunc after expiration of the term of court at which the judgment for damages was entered. The nunc pro tunc order undertook to make the record of the judgment show that the lien had been recited in the judgment, although in fact the court had not considered the matter of the lien at the time the judgment was arrived at and entered. The Supreme Court, upon review of the law of nunc pro tunc entries, held the nunc pro tunc order improper and set it aside, but the court took pains to state: "We do not intend to decide by this opinion that the right of plaintiff to a lien on the defendant's property is in any manner affected or impaired by the failure to mention it in the judgment; upon that question we express no opinion. We only decide that under the evidence in this case it was error to sustain the motion of the plaintiff herein to correct by a nunc pro tunc order the original judgment in this case as asked for by him".

The reasons why the Arkansas paramount lien statutes should be liberally construed to effect their manifest object are stated in Thompson v. Glover, supra. As this claimant's right to the paramount lien was "created" upon his performance of the condition of suing upon it within the time limited, we discern no sufficient reason in the statute or Arkansas decisions for holding that he lost the right merely because the court did not mention the lien in the journal entry of judgment. It was undoubtedly of fundamental importance in the legislative consideration of the paramount lien law that a claimant against a railroad should be required to make his claim apparent of record by suit thereon within the reasonable period of one year as a caveat to all persons concerned with liens upon the railroad property. But the same importance is not apparent in respect to the incidents of trial of the claim and the entry of the judgment thereon. There being no express provision that the right to the lien shall be lost if it is not mentioned in the judgment, the court should not prevent the attainment of the remedial object of the Act by reading what would so closely approximate a forfeiture into it. We hold the right to the lien continued to exist notwithstanding the failure of the court to mention it in the judgment entry.

■■ 2. Nor do we hold that a railroad's property should be exempted from the paramount lien because the action for damages for the personal injury was brought in Missouri and not in Arkansas. It has long been settled in this court, and we find no questioning of the conclusion in Arkansas, that the lien granted by the Arkansas statute "inheres, not in the judgment, but in the loss or damage to the person or property from the railroad, for which a liability may exist". North American Company v. St. Louis & S. F. Ry. Co., D.C., 246 F. 260, 262. That being so, and such being the nature of the lien, it follows that the right to the lien was created in favor of the person suffering an injury from the railroad by bringing his suit for his damages within the time limited in any court of competent jurisdiction, notwithstanding such court was not a court having jurisdiction to declare or enforce liens upon railroad property in Arkansas. In Kansas City So. Ry. Co. v. King, 74 Ark. 366, 85 S.W. 1131, the Supreme Court of Arkansas held that persons who had suffered damage to property from the railroad had preserved their lien by bringing suit therefor within a year before a justice of the peace, notwithstanding the justice had no jurisdiction to declare and enforce such a lien. So in this case this appellee's lien was preserved by his suit brought within the year, even though it should be held that the Missouri court could not effectively mention or recite the lien in its judgment—which we do not decide.

■■ 3. We find no merit in the contention that there was such a merger of appellee's claim in his judgment as to work loss or destruction of his right to a lien. The purpose of the paramount lien statute is to enable one who has suffered injury to his person from a railroad to obtain security for the judgment to which he may prove himself entitled in an action timely brought. It contemplates an action against the railroad, or presentation of the claim to its receiver, within the year from the accrual of the cause of action. That some years elapsed before final determination of the cause on appeal is immaterial. On the filing of the claim in the bankruptcy, the bankruptcy court was required to determine judicially from consideration of the judgment roll that the claim was on account of an injury to the claimant's person suffered from the rail-

road, and that the claimant had performed the condition of timely bringing suit thereon, the performance of which created his right to a paramount lien. That having been clearly made to appear, the court properly awarded preferred classification of the lien on the property of the debtor in Arkansas.

Affirmed.

THOMAS, Circuit Judge (dissenting).

In my opinion the order appealed from should be reversed, and we should not hold that section 11133 of the statute is directory only and not mandatory. That section provides that the lien created by section 11131 "shall be mentioned in the judgment rendered for claimant in the ordinary suit for the claim." The preceding section provides that the lien shall not be effectual unless suit shall be brought upon the claim within one year. In Thompson v. Glover, 8 Cir., 94 F.2d 544, this court held that both requirements are conditions subsequent. The second headnote to that opinion found in the reporter fairly summarizes the holding of the court. It was quoted with approval by the Supreme Court of Arkansas in Missouri Pac. R. Co. v. Helmert, 196 Ark. 1073, 121 S.W. 2d 103, 105.

The requirement that the lien "shall be mentioned in the judgment" is not that of a mere ministerial act to be performed by the judge or by the clerk of the court without adjudication based upon a demand and supported by evidence. In St. Louis & N. A. R. Co. v. Bratton, 93 Ark. 234, 124 S.W. 752, 754 (cited in the majority opinion), the court, construing these statutes, said: "Before, therefore, a judgment could have been declared for said lien, it must first have been found that the suit was brought within the time specified * * *. In order to declare and mention said lien in the judgment it was necessary that the court itself should make a finding and then an adjudication; and, if no such finding and adjudication was actually made by the court, the omission cannot now be supplied by an amendment of the judgment." In St. Louis, I. M. & S. R. Co. v. Ingram, 124 Ark. 298, 187 S.W. 452, 455, the Supreme Court of Arkansas, discussing this statute, observed that it gives a preference "for which no authority can be found in the common law." The court then proceeds: "The preference exists only because the statute has given

it, and one who wishes to avail himself of its benefits can do so only by complying with its terms." It cannot be complied with by the bankrupt court because the bankrupt court is not the court in which "the ordinary suit for the claim" was brought, and because the claim was not "filed by order of court with the receiver of said railroad within one year after said claim" accrued.