Kenneth Wayne COURTNEY,
Appellant,

v.

The STATE of Texas, Appellee.

No. 10–02–035–CR.

Court of Appeals of Texas,
Waco.

Aug. 4, 2003.

Michael H. Byrne, Cleburne, for Appellant.

Dale S. Hanna, Johnson County District Attorney, Abigail Placke, Johnson County Asst. District Attorney, Cleburne, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

REX. D. DAVIS, Chief Justice.

A jury convicted Kenneth Wayne Courtney of felony driving while intoxicated and sentenced him to ten years' imprisonment and a $5,000 fine. Courtney contends in three points that: (1) the trial court abused its discretion by failing to quash the petit jury after it was discovered that the husband of one of the jurors had served on the grand jury which returned Courtney's indictment; (2) the State failed to establish that an officer was qualified to testify regarding the horizontal gaze nystagmus ("HGN") test performed on Courtney; and (3) the evidence is factually insufficient to support his conviction.

## BACKGROUND

Officer Gregory Shelton of the Keene Police Department first noticed Courtney's car on the evening in question when Courtney failed to dim his headlights as he approached Shelton's patrol car. Shelton turned about and attempted to stop him. Courtney led Shelton on a brief chase. At some point, the car briefly stopped, and an unidentified occupant exited from the passenger-side door. The car then continued until Courtney lost control and crashed in a pasture. He abandoned the vehicle and fled. Shelton gave chase on foot and apprehended Courtney not far away.

Shelton observed that Courtney had difficulty staying on his feet, smelled strongly of alcohol and was incoherent. Courtney refused to provide a breath specimen for analysis. He did poorly on field sobriety tests. Shelton administered the HGN test, which also indicated that Courtney was intoxicated.

## CHALLENGED JUROR

Courtney argues in his first point that the court abused its discretion by refusing to quash the petit jury after it was discovered that the husband of one of the jurors had served on the grand jury which returned Courtney's indictment.

After the petit jury was empaneled and sworn, the bailiff advised the trial court and the parties that one of the jurors believed her husband may have served on the grand jury which returned Courtney's

indictment. The court summoned the juror for a brief hearing on the matter. The court informed the juror and the parties that her husband had in fact served on the grand jury. The court asked the juror whether she had ever discussed Courtney's case with her husband. She responded that she had not. The court then asked whether she could decide the case based on the evidence presented. She stated that she could.

Under questioning by the prosecutor, the juror stated that she would not hesitate to acquit Courtney if the State failed to prove its case beyond a reasonable doubt. Under questioning by defense counsel, she stated that she would "absolutely be fair." Defense counsel then objected to the petit jury as a whole because of her presence on the jury. The court overruled the objection.

Courtney contends that the petit jury was tainted because the challenged juror was related to a member of the prosecutor's staff (*i.e.*, her husband, the grand juror) and because she was biased or prejudiced. *See* TEX.CODE CRIM. PROC. ANN. art. 35.16(a)(9), (c)(1) (Vernon Supp.2003). The State responds that Courtney has not properly preserved this issue for our review and that the juror was not subject to challenge for either reason.

■ The State claims that Courtney failed to preserve this issue for our review because his appellate complaint varies from his trial objection. *See Bell v. State,* 938 S.W.2d 35, 54 (Tex.Crim.App.1996) (trial objection must comport with appellate complaint for preservation). However, the first sentence of Courtney's first point of error states, "Error was committed when the trial court denied Appellant's objection to the jury panel." Thus, his appellate complaint is consistent with his trial objection.

■ Courtney first argues that the challenged juror was disqualified because her husband was in effect a member of the prosecutor's staff because of his grand jury service. We disagree. Article 35.16(c)(1) of the Code of Criminal Procedure provides that the defendant may challenge for cause any prospective juror who "is related within the third degree of consanguinity or affinity, as determined under Chapter 573, Government Code, to the person injured by the commission of the offense, or to any prosecutor in the case." TEX.CODE CRIM. PROC. ANN. art. 35.16(c)(1) (Vernon Supp.2003). Subsection (a)(7) of the same statute provides a challenge for cause for any prospective juror who "served on the grand jury which found the indictment." *Id.* art. 35.16(a)(7) (Vernon Supp.2003).

Because the Legislature used the terms "prosecutor" and "grand jury" in different places in the same statute, we conclude that they are mutually exclusive terms. *See State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App.1997) (when construing statute, "each word, phrase, clause, and sentence should be given effect if reasonably possible"); *see also* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (when construing statute, court must presume that "the entire statute is intended to be effective"). Accordingly, we hold that the challenged juror was not subject to a challenge for cause merely because her husband served on the grand jury which returned Courtney's indictment.

■ Courtney also contends that the challenged juror was biased or prejudiced because of her husband's grand jury service. However, the challenged juror explicitly testified that her husband and she had not discussed the case; that she would have no hesitation to acquit Courtney if the State failed to prove its case beyond a reasonable doubt; and that she would "ab-

solutely be fair." In light of this testimony, we hold that the trial court did not abuse its discretion by refusing to excuse the challenged juror (and quash the petit jury) because of the alleged bias or prejudice. *See Cooks v. State,* 844 S.W.2d 697, 710 (Tex.Crim.App.1992).

Accordingly, we overrule Courtney's first point.

## HGN TESTIMONY

■■■ Courtney argues in his second point that the court abused its discretion by admitting Officer Shelton's testimony about the HGN test he performed on Courtney because the State failed to establish that Shelton was qualified to do so. The State establishes that a police officer is qualified to administer the HGN test and testify about the results "by proof that the officer has received practitioner certification by the State of Texas to administer the HGN." *Emerson v. State,* 880 S.W.2d 759, 769 (Tex.Crim.App.1994); *Webster v. State,* 26 S.W.3d 717, 720 (Tex.App.-Waco 2000, pet. ref'd). Shelton testified that he was certified to administer the HGN test at the North Central Texas Regional Police Academy. This testimony adequately established his qualifications. Thus, we overrule Courtney's second point.

## FACTUAL SUFFICIENCY

Courtney claims in his third point that the evidence is factually insufficient to establish that: (1) Shelton had probable cause to arrest him; (2) he is the person who was driving the car; or (3) he was intoxicated.

In reviewing a challenge to the factual sufficiency of the evidence, we begin with the assumption that the evidence is legally sufficient. *Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997). We must view all the evidence without the prism of the "in the light most favorable to the

prosecution" construct. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). We ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App.2000); *see also Goodman v. State,* 66 S.W.3d 283, 285 (Tex.Crim.App. 2001).

We must also remain cognizant of the factfinder's role and unique position—one that the reviewing court is unable to occupy. *Johnson,* 23 S.W.3d at 9. The jury determines the credibility of the witnesses and may "believe all, some, or none of the testimony." *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App.1991). It is the jury that accepts or rejects reasonably equal competing theories of a case. *Goodman,* 66 S.W.3d at 287. A decision is not manifestly unjust as to the accused merely because the factfinder resolved conflicting views of evidence in favor of the State. *Cain v. State,* 958 S.W.2d 404, 410 (Tex.Crim.App.1997).

■■ This Court has reviewed the factual sufficiency of the evidence to support an implied jury finding under article 38.23 that an officer had a lawful basis to conduct the search or seizure at issue. *Davy v. State,* 67 S.W.3d 382, 390–91 (Tex.App.-Waco 2001, no pet.) (plurality op.). Courtney did not challenge the lawfulness of his stop at trial. Accordingly, we will not review the factual sufficiency of the evidence to show that Shelton had probable cause to arrest him.

■■ Shelton got a good look at the driver as he exited his car when it crashed. He testified that Courtney was the person whom he saw exit the car on the occasion

in · question. He apprehended Courtney near the scene after a brief chase on foot. Courtney presented no evidence to contradict this testimony. Accordingly, the evidence is factually sufficient to prove that Courtney is the person who committed the offense.

■ Shelton testified that Courtney: (1) smelled strongly of alcohol; (2) had difficulty standing; and (3) performed poorly on field sobriety tests. Shelton testified that the results of Courtney's HGN test indicated that he was intoxicated. Courtney's manner of driving and his flight from the officer also support a finding that he was intoxicated. Accordingly, we conclude that the evidence is factually sufficient to prove that Courtney was intoxicated. *See Kimball v. State,* 24 S.W.3d 555, 559–61 (Tex.App.-Waco 2000, no pet.).

Thus, we overrule Courtney's third point.

We affirm the judgment.