Robert Earl Washington v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-044-CR

     ROBERT EARL WASHINGTON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 7566
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Robert Earl Washington, Jr. of possession of one gram or more but less
than four grams of cocaine with intent to deliver. Washington pleaded true to allegations
enhancing his punishment to that for an habitual offender, and the jury sentenced him to sixty-six years’ imprisonment. Washington complains in a single point of error that he received
ineffective assistance of counsel.
      Washington contends that he received ineffective assistance of counsel at trial because: (1)
counsel failed to challenge for cause or exercise a peremptory challenge against a member of
the venire who was a former deputy district clerk who stated she was familiar with
Washington’s prior criminal history; (2) counsel failed to file a motion to suppress the cocaine
seized after a traffic stop; (3) counsel failed to object to the admissibility of this evidence; and
(4) counsel failed to object to allegedly improper argument.
      To prevail on an ineffective assistance claim, an appellant must overcome the strong
presumption that counsel rendered reasonably professional assistance. See Thompson v. State,
9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). Ordinarily, this presumption cannot be
overcome without evidence in the record of counsel’s reasons for the acts or omissions of
which the appellant complains. See Johnson v. State, 68 S.W.3d 644, 655 (Tex. Crim. App.
2002); Thompson, 9 S.W.3d at 813-14; Murray v. State, 24 S.W.3d 881, 891 (Tex.
App.—Waco 2000, pet. ref’d). However, a single act or omission on counsel’s part can be so
egregious as to constitute ineffective assistance. See Thompson, 9 S.W.3d at 813; Scott v.
State, 57 S.W.3d 476, 483 (Tex. App.—Waco 2001, pet. ref’d).
      The record in this case is silent as to the reasons counsel acted or failed to act with regard
to the instances of which Washington now complains. A brief review of the acts and omissions
cited reveals that none is so egregious as to constitute ineffective assistance by itself.
      To prevail on an ineffective assistance claim, an appellant must establish that “counsel’s
performance was deficient and that he was prejudiced by counsel’s deficient performance. In
order to demonstrate prejudice, appellant ‘must show that there is a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different.’” Resendiz v. State, 112 S.W.3d 541, 547-48 (Tex. Crim. App. 2003) (quoting
Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674
(1984)).
      Although the former deputy district clerk stated during voir dire that she was familiar with
Washington’s criminal history, she also stated that she could be fair and impartial. Thus, the
trial court would have been within its discretion to deny a challenge for cause. See Cooks v.
State, 844 S.W.2d 697, 710-11 (Tex. Crim. App. 1992); Courtney v. State, 115 S.W.3d 640,
642-43 (Tex. App.—Waco 2003, no pet.). Without an explanation from counsel, we cannot
say that counsel did not have a valid basis for failing to exercise a peremptory challenge
against this member of the venire. See Johnson, 68 S.W.3d at 655; Thompson, 9 S.W.3d at
813-14; Murray, 24 S.W.3d at 891.
      Instead of filing a pretrial suppression motion, Washington’s trial counsel opted to seek a
jury instruction under article 38.23 of the Code of Criminal Procedure. Because counsel failed
to object to the admission of the cocaine however, Washington was not entitled to such an
instruction. See Jackson v. State, 888 S.W.2d 912, 914 (Tex. App.—Houston [1st Dist.]
1994, no pet.). Nevertheless, no prejudice is shown because the arresting officers articulated a
valid basis for the traffic stop. See Tex. Transp. Code Ann. § 545.303(a) (Vernon Supp.
2004); see also Williams v. State, 726 S.W.2d 99, 100-01 (Tex. Crim. App. 1986).
      With regard to the State’s argument, it appears that the prosecutor called the jury’s
attention to the packaging of the substances seized from Washington and the currency seized to
support its contention that Washington possessed cocaine on the occasion in question with
intent to sell it. The prosecutor suggested that the packages seized from Washington were
large enough that they could have previously held an additional quantity of narcotics and that
the currency in his possession suggested that he had previously sold narcotics on the date in
question. Although these statements could be characterized as inviting speculation on the
jury’s part, it appears that the statements constitute reasonable deductions from the evidence
and statements of common knowledge. See Nenno v. State, 70 S.W.2d 549, 559 (Tex. Crim.
App. 1998); Hernandez v. State, 13 S.W.3d 492, 501-02 (Tex. App.—Amarillo 2000), rev’d
on other grounds, 60 S.W.3d 106 (Tex. Crim. App. 2001).
      Accordingly, we overrule Washington’s sole point of error and affirm the judgment.


                                                                         FELIPE REYNA
                                                                         Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



Affirmed
Opinion delivered and filed February 25, 2004
Do not publish
[CRPM]